**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14-CR-20017-WILLIAMS/SIMONTON(s)**

**UNITED STATES OF AMERICA**

**v.**

**MAURIN CHACON et al.,**

**Defendants.**
_____/

## GOVERNMENT'S NOTICE OF INTENT TO USE INEXTRICABLY INTERTWINED AND RULE 404(B) EVIDENCE AND MEMORANDUM OF LAW IN SUPPORT THEREOF

The United States, by and through the undersigned Assistant United States Attorney, hereby files this Notice of Intent to Introduce Inextricably Intertwined and Rule 404(b) Evidence and memorandum of law in support thereof.

The government seeks to introduce at trial evidence of events inextricably intertwined with the indicted offenses and prior acts showing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

A. **Factual Background**

In March of 2013, the Miami Police Department's ("MPD") Little Havana Neighborhood Enhancement Team ("NET") began receiving complaints in the Little Havana NET service area regarding a group assaulting residents and selling narcotics. Investigators learned that the organization self-identified under name the Big Money Team or "BMT," most recently operating in the Little Havana and Allapattah neighborhoods of Miami, Florida.

Based on the number of arrests and continuing citizen complaints, MPD initiated a proactive investigation. Since the inquiry commenced, members of the organization have been

arrested for possession firearms, narcotics and armed robbery.

Law enforcement has conducted several independent internet search engine queries related to the activities of the BMT.  Through these searches, agents have identified several forms of publicly available media showing depicting BMT members, including the defendants charged in the Superseding Indictment.   The public media shows BMT members in possession of narcotics, firearms and large amounts of United States currency.   Based on the facts learned through the investigation, the currency appears to be proceeds from narcotics sales and other illicit activities.

The government has learned that the BMT primarily operate as a street level drug trafficking enterprise using particular buildings in the Little Havana and Allpattah neighborhoods to distribute contraband.  Through post-*Miranda* interviews, cellular phone information search warrant results, jail house recordings, and undercover recordings, the investigation has revealed that the BMT have operated drug distribution sites for several years.  As part of the BMT's narcotics distribution activities, its members have committed robbery to raise capital for drug purchases and engaged in violent activities, such as attacking a citizen walking in their purportedly controlled domain.   Further, BMT members have been captured on a jail house recording planning continued drug activities including discussing an attack on a suspected witness in a State armed robbery investigation due to belief he had become a turncoat.

**B.  <u>The Proposed Inextricably Intertwined and Rule 404(b) Evidence</u>**

Under the doctrine of inextricably intertwined evidence, the government seeks to introduce at trial, in its' case-in-chief, evidence of defendants' participation in BMT related narcotics activity, violent crime, prior incident jail phone calls discussing the distribution of narcotics and related activities. Further, pursuant to Rule 404(b), the government seeks to

introduce at trial, in its' case-in-chief, evidence of showing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  In light of the possibility that the government's evidence may be admissible as either inextricably intertwined or under Rule 404(b), the government tenders the evidence in the alternative.  *See United States v. Troya,* 733 F.3d 1125, 1132 (11th Cir 2013) ("The attempted home invasion was direct evidence of Appellants' conspiracy to possess with intent to distribute cocaine . . . Alternatively, as the district court properly concluded, both incidents would have also been admissible under Rule 404(b)."); *see also United States v. Prophete*, 522 Fed. Appx. 583, 586 (11th Cir. 2013) ("the evidence was admissible as intrinsic evidence inextricably intertwined with evidence of the charged bank fraud offenses . . . We also add that the SunTrust Evidence was alternatively admissible under Rule 404(b) because it showed Prophete's intent and his knowledge of the scheme and it met the three-part test for admissibility.")

The government intends to rely on the specific inextricably intertwined and prior offenses, adjudications, convictions, related facts, evidence and witness testimony for the following matters:

***Defendant Maurin Chacon***

The government has identified the following known offenses as potential inextricably intertwined or 404(b) evidence: Juvenile Adjudication for Robbery, Miami-Dade County Circuit Court Case No. J05-1095; Allegation of Cocaine Possession with Intent to Distribute, Miami-Dade County Circuit Court Case No. F12-28530; Conviction for Robbery by Sudden Snatch, Miami-Dade County Circuit Court Case No. F06-43668; Conviction for Burglary, Miami-Dade County Circuit Court Case No. F07-8866; Allegation of Cocaine Possession with

Intent to Distribute, Miami-Dade County Circuit Court Case No. F08-30791; and Allegation of Cocaine Possession with Intent to Distribute, Miami-Dade County Circuit Court Case No. F12-28530.

The government also identifies that its case-in-chief will contain evidence, such as witness testimony, social media, video surveillance, and jail house recordings establishing defendant Chacon has committed uncharged offenses.   The uncharged offenses relate to the operation of the BMT drug trafficking enterprise, violent crimes associated with the furtherance of the drug trafficking enterprise and the protection of the defendant's position in the BMT organization.

### *Defendant Christopher Altamirano*

The government has identified the following known offenses as potential inextricably intertwined or 404(b) evidence: Allegation of Cocaine Possession with Intent to Distribute, Miami-Dade County Circuit Court Case No. F13-7950; and Allegation of Armed Robbery, Miami-Dade County Circuit Court Case No. F13-2734.

The government also identifies that its case-in-chief will also contain evidence, such as witness testimony, social media, video surveillance, and jail house recordings, establishing defendant Altimirano has committed uncharged offenses.   The uncharged offenses relate to the operation of the BMT drug trafficking enterprise, violent crimes associated with the furtherance of the drug trafficking enterprise and the protection of the defendant's position in the BMT organization.

### *Defendant Rodolfo Portela*

The government has identified the following known offenses as potential inextricably intertwined or 404(b) evidence: Juvenile Adjudication for Aggravated Assault with a Deadly

Weapon, Miami-Dade County Circuit Court Case No. J97-11830B; Juvenile Adjudication for Open Carry of a Weapon, Miami-Dade County Circuit Court Case No. J00-3154; Conviction for Carrying a Concealed Firearm, Miami-Dade County Circuit Court Case No. F05-16780; Conviction for Burglary of a Structure, Miami-Dade County Circuit Court Case No. F07-9474; Conviction for Cocaine Possession with Intent to Distribute with 1,000 Feet of a School, Miami-Dade County Circuit Court Case No. F07-6123; Conviction for Cocaine Possession with Intent to Distribute, Miami-Dade County Circuit Court Case No. F10-32264C; Allegation of False Imprisonment and Battery, Miami-Dade County Circuit Court Case No. F13-12116.

The government also identifies that its case-in-chief will also contain evidence, such as witness testimony, social media, video surveillance, and jail house recordings, establishing defendant Portela has committed uncharged offenses.  The uncharged offenses relate to the operation of the BMT drug trafficking enterprise, violent crimes associated with the furtherance of the drug trafficking enterprise and the protection of the defendant's position in the BMT organization.

### *Defendant Dayaan Zerquera*

The government has identified the following known offenses as potential inextricably intertwined or 404(b) evidence: Allegation of Armed Robbery, Miami-Dade County Circuit Court Case No. J06-8505; Allegation of Armed Robbery, Miami-Dade County Circuit Court Case No. J07-2641C; Conviction for Cocaine Possession with Intent to Distribute, Miami-Dade County Circuit Court Case No. F08-25546; Conviction for Cannabis Possession with Intent to Distribute, Miami-Dade County Circuit Court Case No. F08-39401; and Conviction for Attempted Felony Murder and Armed Robbery, Miami-Dade County Circuit Court Case No. F10-35877B.

The government also identifies that its case-in-chief will also contain evidence, such as witness testimony, social media, video surveillance, and jail house recordings, establishing defendant Zerquera has committed uncharged offenses. The uncharged offenses relate to the operation of the BMT drug trafficking enterprise, violent crimes associated with the furtherance of the drug trafficking enterprise and the protection of the defendant's position in the BMT organization.

### *Defendant Raymond Moore*

The government has identified the following known offenses as potential inextricably intertwined or 404(b) evidence: Controlled Substance Possession Conviction, Miami-Dade County Circuit Court Case No. F10-25077; and Cocaine Possession Conviction, Miami-Dade County Circuit Court Case No. F11-13337B.

The government also identifies that its case-in-chief will also contain evidence, such as witness testimony, social media, video surveillance, and jail house recordings, establishing that defendant Moore has committed uncharged offenses. The uncharged offenses relate to the operation of the BMT drug trafficking enterprise, violent crimes associated with the furtherance of the drug trafficking enterprise and the protection of the defendant's position in the BMT organization.

### *Defendant Angel Martinez*

The government has identified the following known offenses as potential inextricably intertwined or 404(b) evidence: Allegation of Aggravated Assault with a Firearm, Miami-Dade County Circuit Court Case No. F12-17687; Allegation of Cannabis Possession with Intent to Distribute, Miami-Dade County Circuit Court Case No. F12-22543.

The government also identifies that its case-in-chief will also contain evidence, such as witness testimony, social media, video surveillance, and jail house recordings, establishing defendant Martinez has committed uncharged offenses.  The uncharged offenses relate to the operation of the BMT drug trafficking enterprise, violent crimes associated with the furtherance of the drug trafficking enterprise and the protection of the defendant's position in the BMT organization.

***Defendant Christian Ramirez***

The government has identified the following known offenses as potential inextricably intertwined or 404(b) evidence: Conviction for Attempted Murder and Allegation of Attempted First Degree Murder with a Weapon, Miami-Dade County Circuit Court Case No. F02-18872A; Conviction for Improper Exhibition of a Weapon, Miami-Dade County County Court Case No. B11-11734; Conviction for Cocaine Possession, Miami-Dade County Circuit Court Case No. F10-2125; Conviction for Firearm Possession by a Convicted Felon, Miami-Dade County Circuit Court Case No. F11-21683; Conviction for Cocaine Possession, Miami-Dade County Circuit Court Case No. F12-19325; Conviction for Battery and Trespass, Miami-Dade County County Court Case No. M13-5103; Allegation of Cannabis Possession with Intent to Distribute, Miami-Dade County Circuit Court Case No. F12-22543.

The government also identifies that its case-in-chief will also contain evidence, such as witness testimony, social media, video surveillance, and jail house recordings, establishing defendant Ramirez has committed uncharged offenses.  The uncharged offenses relate to the operation of the BMT drug trafficking enterprise, violent crimes associated with the furtherance of the drug trafficking enterprise and the protection of the defendant's position in the BMT

organization.

***Defendant James Dixon***

The government has identified the following known offenses as potential inextricably intertwined or 404(b) evidence: Robbery Allegation, Miami-Dade County Circuit Court Case No. J09-4491A; and Allegation of Sexual Battery with Multiple Perpetrators and Conviction for Kidnapping, Miami-Dade County Circuit Court Case No. F10-6960C.

The government also identifies that its case-in-chief will also contain evidence, such as witness testimony, social media, video surveillance, and jail house recordings, establishing that defendant Dixon has committed uncharged offenses.  The uncharged offenses relate to the operation of the BMT drug trafficking enterprise, violent crimes associated with the furtherance of the drug trafficking enterprise and the protection of the defendant's position in the BMT organization.

***Defendant Miguel Rodríguez***

The government has identified the following known offenses as potential inextricably intertwined or 404(b) evidence: Loitering and Prowling Allegation, Miami-Dade County Count Court Case No. M14-4249; Aggravated Battery Pregnant Victim, Miami-Dade County Circuit Court Case No. F14-5041; and Aggravated Battery Pregnant Victim, Miami-Dade County Circuit Court Case No. F14-5044.

The government also identifies that its case-in-chief will also contain evidence, such as witness testimony, social media, video surveillance, and jail house recordings, establishing that defendant Rodriguez has committed uncharged offenses.  The uncharged offenses relate to the operation of the BMT drug trafficking enterprise, violent crimes associated with the furtherance of

the drug trafficking enterprise and the protection of the defendant's position in the BMT organization.

### Defendant Nadim Guzman

The government has identified the following known offenses as potential inextricably intertwined or 404(b) evidence: Cocaine Possession with Intent to Distribute Conviction, Miami-Dade County Circuit Court Case No. F14-22778; Aggravated Battery Pregnant Victim, Miami-Dade County Circuit Court Case No. F14-5041; and Aggravated Battery Pregnant Victim, Miami-Dade County Circuit Court Case No. F14-5044.

The government also identifies that its case-in-chief will also contain evidence, such as witness testimony, social media, video surveillance, and jail house recordings, establishing that defendant Guzman has committed uncharged offenses.  The uncharged offenses relate to the operation of the BMT drug trafficking enterprise, violent crimes associated with the furtherance of the drug trafficking enterprise and the protection of the defendant's position in the BMT organization.

### Defendant Kevin Diaz

The government has identified the following known offenses as potential inextricably intertwined or 404(b) evidence: Possession of a Controlled Substance Allegation, Miami-Dade County Circuit Court Case No. J10-6570; Possession of Cannabis Allegation, Miami-Dade County Circuit Court Case No. J11-252; Possession of Cannabis Allegation, Miami-Dade County Circuit Court Case No. J12-1092; Trespass Allegation, Miami-Dade County Circuit Court Case No. J12-3516; and Trespass Allegation, Miami-Dade County Circuit Court Case No. J12-4898.

The government also identifies that its case-in-chief will also contain evidence, such as

witness testimony, social media, video surveillance, and jail house recordings, establishing that defendant Diaz has committed uncharged offenses. The uncharged offenses relate to the operation of the BMT drug trafficking enterprise, violent crimes associated with the furtherance of the drug trafficking enterprise and the protection of the defendant's position in the BMT organization.

### C. Inextricably Intertwined Evidence Analysis

Under the "inextricably intertwined" evidence doctrine, other-act evidence is not extrinsic and is admissible where it "is linked in time and circumstances with the charged crime and concerns the context, motive or setup of the crime; or forms an integral part of the crime; or is necessary to complete the story of the crime." *United States v. US Infrastructure*, *Inc*., 576 F.3d 1195, 1210 (11th Cir. 2009); *United States v. Angle*, 234 F.3d 326, 343 (7th Cir. 2000) (upholding admission of uncharged child pornography evidence which "helped complete the story behind the charged offenses."); *United States v. Collins*, 779 F.2d 1520, 1523 (11th Cir. 1986) (evidence of criminal activity other than the offense charged is not extrinsic evidence if it is inextricably intertwined with the evidence of the charged offense); *see also United States v. Holt*, 408 Fed. Appx. 229, 237 (11th Cir. 2010) ("The evidence is highly relevant because Holt's sexual relationship with MV is central to this case."); *see also United States v. Cody*, 460 Fed. Appx. 825, 827 (11th Cir. 2012) ("The limitations of Rule 404(b) apply to evidence of conduct which is 'extrinsic' to the crime charged, but not to evidence of criminal or wrongful behavior that (1) arose out of the same transaction or series of transactions as the charged offense; (2) is necessary to complete the story of the crime; or (3) is "inextricably intertwined" with the charged offense . . . If evidence is not extrinsic under Rule 404(b), then notice is not required.") (*citing United States v.*

*Leavitt,* 878 F.2d 1329, 1339 (11th Cir. 1989).

Here, the proffered evidence - the defendants' participation in BMT drug trafficking activities, attendant offenses and jail phone calls capturing their discussion with concerning the distribution of narcotics and related matters - is "inextricably intertwined," as the information provides the explanation for the defendants actions as charged in the Superseding Indictment.   *See United States v. Hill*, 643 F.3d 807, 859 (11th Cir. 2011) (citing *Schmuck v. United States,* 489 U.S. 705, 711–12 (1989) (observing that fraudulent scheme was inextricably intertwined with his good relationships with the defrauded dealers, which were in turn dependent on the passage of title from dealer to buyer); *see also United States v. McNair*, 605 F.3d 1152, 1206 (11th Cir. 2010) ("The government amply showed linkage between contractor-defendants' bribes to McNair and those to Swann and other County employees and vice versa" to warrant admission of evidence under the doctrine of inextricably intertwined evidence."); *see also United States v. Muscatell*, 42 F.3d 627, 630 (11th Cir. 1995). *See also United States v. McLean*, 138 F.3d 1398, 1404 (11th Cir. 1998) (uncharged misconduct showing prior relationship between defendant and another participant in charged offense is admissible as inextricably intertwined with evidence of charged offense); *see also United States v. Lehder-Rivas*, 955 F.2d 1510, 1516 (11th Cir. 1992) (introduction of defendants earlier drug smuggling activities which began four years before the charged offense and involved many of the same people was intrinsic evidence that explained the roles and motives of the various co-conspirators during the charged conspiracy).   Further, the statements by the defendants' associates are admissible under co-conspirator hearsay exception, as they were made in furtherance of a common drug distribution enterprise.

The identified prior conduct establishes that the defendants and their associates were

engaged in coordinated street level drug distribution leading up to the instant arrests. *See also United States v. McLean*, 138 F.3d 1398, 1404 (11th Cir. 1998) (uncharged misconduct showing prior relationship between defendant and another participant in charged offense is admissible as inextricably intertwined with evidence of charged offense); *see also United States v. Lehder-Rivas*, 955 F.2d 1510, 1516 (11th Cir. 1992) (introduction of defendants earlier drug smuggling activities which began four years before the charged offense and involved many of the same people was intrinsic evidence that explained the roles and motives of the various co-conspirators during the charged conspiracy). The relationships between the defendants and their associates are inextricably intertwined with the possession of narcotics and firearms for the purpose of generating illicit income. Further, the defendants' prior participation in drug trafficking and BMT organizational activities also makes witness observation of their behavior inseparably bound to the government's evidence.

### D. Rule 404(b) Analysis

In order to be admissible, evidence offered pursuant to Rule 404(b) must satisfy a three-part test: (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act; and (3) the evidence must pass the Rule 403 balancing test. *United States v. Breitweiser*, 357 F.3d 1249, 1254 (11th Cir. 2004); *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (en banc). Rule 404(b) evidence is not limited to criminal convictions, but can consist of uncharged crimes, wrongs, or other acts. Indeed, evidence of an act for which a defendant was previously acquitted can be admitted under Rule 404(b). *United States v. Ozuna*, 129 F. Supp. 2d 1345, 1350 (S.D. Fl. 2001). The instant filing provides general notice of the

government's Rule 404(b) evidence.  *See United States v. Brown*, 2014 WL 2766780, *4 (11th Cir. June 19, 2014) ("The government alerted Brown several months before trial that it anticipated that its confidential informant would testify 'about her prior dealings with Defendant Brown at trial, particularly the number and locations of said transactions, the amounts of cocaine and/or other illegal narcotics transacted, the prices paid therefore.' Thus, as an initial matter, the prosecutor provided reasonable notice of the general nature of its confidential informant's Rule 404(b) testimony.").

Under its three part test, the Eleventh Circuit has held that in the absence of the defendant's admission of the intent to commit an offense, evidence of prior acts are admissible pursuant to Rule 404(b).  *See United States v. Moore*, 174 Fed. Appx. 540, 543-44 (11th Cir. 2006) (citing *United States v. Taylor*, 417 F.3d 1176, 1182 (11th Cir. 2005), cert. denied, 546 U.S. 1047 (2005)); *see also United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995) ("a defendant who enters a not guilty plea makes intent a material issue").   "A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007) (quoting *United States v. Zapata,* 139 F.3d 1355, 1358 (11th Cir. 1998)). "Thus, where the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied." *Id.*; *accord United States v. Jernigan*, 341 F.3d 1273, 1281 n. 7 (11th Cir. 2003); *see also United States v. Barnes*, 469 Fed. Appx. 733, 736 (11th Cir. 2012) (finding defendant's prior participation in robbery admissible as 404(b) evidence in the prosecution of a felon in possession charge.); *see also United States v. Neufeld*, 154 Fed. Appx. 813 (11th Cir. 2005)

(quoting *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997) ("Ample precedent exists in this circuit finding that a not guilty plea in a drug conspiracy case, such as we have here, makes intent a material issue and opens the door to admission of prior drug-related offenses as highly probative, and not overly prejudicial, evidence of a defendant's intent."); *see also United States v. Butler*, 102 F.3d 1191, 1196-97 (11th Cir. 1997) (admitting conviction for "personal drug use to prove intent in a subsequent prosecution for distribution of narcotics.").

The fact that some of the proposed 404(b) evidence relates to matters occurring several years ago does not negate their relevance to the defendant's intent.  *See United States v. Matthews*, 431 F.3d 1296, 1311-12 (11th Cir. 2005) (upholding admission of 8 year old drug-related arrest in drug conspiracy case); *United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (upholding admission of 15 year old prior bad acts); *see also United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011) (19 year old conviction for armed criminal action was not so remote in time as to preclude its use, in prosecution for being a felon in possession of a firearm, as evidence of other bad acts or crimes). Here the proposed 404(b) evidence addresses conduct relevant to the Superseding Indictment's charges.

Moreover, the proposed 404(b) is probative to negate any defense of lack of knowledge or intent by the defendant.  *See United States v. Hernandez*, 896 F.2d 513, 522 (11th Cir. 1990) (concerns of "temporal remoteness" mitigated when a defendant had spent much of the interim period in prison); *United States v. James*, 147 Fed. Appx. 76 (11th Cir. 2005) (1988 conviction not temporally remote in 2004 trial when charged offense and extrinsic evidence both involved narcotics possession); *see also United States v. Kapordelis*, 569 F.3d 1291, 1313 (11th Cir. 2009) (noting 404(b) evidence was properly admitted to rebut "identity" and "knowledge" defenses

claiming that someone else took the child pornographic photos or that someone else downloaded child pornography onto a computer or, alternatively, that download of child pornography happened automatically).

To satisfy the second prong of the test, which requires sufficient proof such that a jury could find that the defendant committed the extrinsic acts, the government intends to offer certified convictions, witness testimony and any available physical evidence. *Zapata*, 139 F.3d at 1358; *see also United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997) ("It is elementary that a conviction is sufficient proof that [a defendant] committed the prior act."); *see also United States v. Canton*, 294 Fed. Appx. 490, 495-96 (11th Cir. 2008) (the testimonial and physical evidence admitted by the district court was sufficient to meet the second prong of our Rule 404(b) test).

Finally, as for the Rule 403 balancing test, the Eleventh Circuit has noted that "[a] defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent ...." *Zapata*, 139 F.3d at 1358; *see also United States v. Lecroy*, 402 Fed. Appx. 440, 443 (11th Cir. 2010) ("The government was entitled to use Rule 404(b) evidence to meet its burden of proof because Lecroy did not take affirmative steps to remove intent or knowledge as issues.").

The probative value of the defendant's selected prior conviction and prior acts is not substantially outweighed by the risk of unfair prejudice. The evidence bears sufficient similarity to the facts charged to make it relevant, it is probative to intent, motive, opportunity, lack of mistake and relates to events that are not remote in time to the charged conduct. *See Jernigan*, 341 F.3d at 1282.   Moreover, a limiting instruction will mitigate any potential prejudicial effect from the evidence. *See United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225 (11th Cir. 1993); *see*

*also Penry v. Johnson*, 532 U.S. 782, 799 (2001).

"'[T]he court's discretion to exclude evidence under Rule 403 is narrowly circumscribed.'" *United States v. Riquene*, 2014 WL 169662, *4 (11th Cir. January 16, 2014) (unpublished) (quoting *United States v. Smith,* 459 F.3d 1276, 1295 (11th Cir. 2006).   "Rule 404(b) is a rule of inclusion, and that accordingly 404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case." *Jernigan*, 341 F. 3d 1273, 1280 (11th Cir. 2003).   The proposed 404(b) evidence is critical to the government's case on the issue of intent. "[T]he prosecution need not 'be deprived of its most probative evidence' simply because the nature of the crime and the evidence of the crime are emotionally charged, particularly where the district court provided "limiting instructions as to the proper purpose of admitted evidence." *Riquene*, 2014 WL 169662 at *4 (quoting *Smith,* 459 F.3d at 1295).

Given the government's need to establish intent, the probative value of the proposed 404(b) evidence outweighs any prejudicial effect. *United States v. Tucker*, 287 Fed. Appx. 77, 80-81 (11th Cir. 2008) (affirming admission of photographs under 404 analysis of defendant in possession of a firearm despite stipulations as to convicted felon status and interstate commerce elements where possession of firearm remained at issue); *see also United States v. Williams*, 366 Fed. Appx. 66, 67-68 (11th Cir. 2010) (finding that admission of prior convictions for sale of counterfeit cocaine, armed robbery, possession of cocaine and aggravated assault with a weapon were relevant to issues other than character and that probative value was not substantially outweighed in prosecution for conspiracy to possess with intent to distribute five kilograms or more of cocaine, possession of a firearm in furtherance of a drug-trafficking crime, and possession of a firearm by a convicted felon).

As such, the third prong of the test is met as well, and the proposed 404(b) evidence is admissible.

## <u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests that the Court allow it to introduce the proposed inextricably intertwined or Rule 404(b) evidence in its case-in-chief at trial.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:     /s/ Ignacio J. Vázquez, Jr.
        Ignacio J. Vázquez, Jr.
        Assistant United States Attorney
        Florida Bar No. 16275
        U.S. Attorney's Office - SDFL
        99 Northeast Fourth Street, 6th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9318
        Facsimile: (305) 536-4699
        E-mail: ignacio.vazquez@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was uploaded onto the Court's CM/ECF system and sent via CM/ECF to all counsel of record on July 1, 2014.

/s/ Ignacio J. Vázquez, Jr.
Ignacio J. Vázquez, Jr.
Assistant United States Attorney