UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CR-20017-WILLIAMS/SIMONTON(s)

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **MAURIN CHACON et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER, NOTICE OF INTENT TO RELY ON 404(B) AND INEXTRICABLY INTERTWINED EVIDENCE, NOTICE OF EXPERT WITNESSES & NOTICE OF INTENTION TO OFFER CERTIFIED DOMESTIC RECORDS INTO EVIDENCE**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A. 1. Attached, please find a copy of any written statements made by the defendant.

2. Attached, please find summaries or copies of any oral statements made by the defendant.

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendants, will be made available to their respective defense counsel.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

> The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial. The government possesses approximately 65 gigabytes of additional paper records, social media, undercover surveillance, controlled phone calls, and recorded drug purchases which are now available for inspection and review upon request by defense counsel. Further, these materials will be mailed to defense counsel following their electronic conversion and redaction.
>
> **Notice of Intention to Officer Certified Domestic Records into Evidence**[1]
>
> The United States of America gives notice that pursuant to Fed. R. Evid. 902(11) it intends to offer the following certified domestic records of regularly conducted activity, which are available for inspection: Miami-Dade County Department Corrections recorded jail phone calls and records; Federal Bureau of Prisons recorded prison phone calls and records; and Police Communications recordings.

6. DNA and latent fingerprint testing results remain pending.

B. **DEMAND FOR RECIPROCAL DISCOVERY:** The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the

---

[1] This notice does not limit the government's ability to introduce the records set forth or any other records or evidence in accordance with any other Federal Rule of Evidence, statute, or law.

|     | government at trial. |
| --- | --- |
| F.  | Attached, please find the information for defendants identified in a lineup, showup, photospread or similar identification proceeding. |
| G.  | The government has advised its agents and officers involved in this case to preserve all rough notes. |
| H.  | **Notice of Intent to Rely on 404(b) and Inextricably Intertwined Evidence**: The government seeks to introduce at trial, in its' case-in-chief, evidence of defendant's prior possession of a firearm, and acts showing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.   All materials provided to the defense are tendered pursuant to Rule 404(b).   *See* DE# 116. |
|     | Additionally, the government also seeks to admit evidence of events inextricably intertwined with the indicted offenses.   All materials provided to the defense are also tendered pursuant to the doctrine of inextricably intertwined evidence. *See* DE# 116. |
| I.  | No communication were captured pursuant to a wiretap application.   The discovery materials contain jail house calls secured by subpoena and cellular phone communications acquired by court authorized search warrant. |
| J.  | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K.  | The narcotics recovered during the investigation remain in law enforcement custody. |
| L.  | There are no automobiles, vessels, or aircraft utilized in the commission of the offense charged in the custody of the government. |
| M.  | Latent fingerprint results remain pending. |
| N.  | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. |
|     | The government expects to call the following expert witnesses at trial: |
|     | 1.) Clarabelle Hodgfon, Miami-Dade Police Department. Clarabelle |

Hodgfon serves as a fingerprint analyst with the Miami-Dade Police Department.  Ms. Sampson has completed numerous training programs in the fields of forensic science, including specific education regarding fingerprint identification.   During her career, Ms. Hodgfon Sampson has analyzed hundreds of fingerprints for comparison.

Ms. Hodgfon will testify in the above-captioned matter.  The substance of Ms. Clarabelle Hodgfon's testimony will address the comparison of the defendant's fingerprint to prior convictions.

2.) Javier Ribas, ATF. Javier Ribas serves as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Agent Ribas has completed numerous training programs in the field of firearms and ammunition.  During his career in law enforcement, Agent Ribas has examined hundreds of firearms and ammunition rounds for the purpose of determining the items point of origination and determining movement in interstate commerce.

Agent Ribas will testify in the above-captioned matter.  The substance of Agent Ribas' testimony will address the subject firearm and ammunition rounds movement in interstate commerce and the value of these items.

3.) Olga Saavedra, Miami-Dade Police. Olga Saavedra serves as a criminalist in the Forensic Biology Section for the Miami-Dade Police Department. Ms. Saavedra has received training programs in the field of forensic science, including education concerning the identification and analysis of biological evidence, such as DNA. Ms. Saavedra has reviewed hundreds of pieces of evidence for the identification of biological evidence such as DNA.

Ms. Saavedra will testify in the above-captioned matter. The substance of Ms. Saavedra's testimony will address biological evidence, the circumstances conducive for the recovery of biological evidence, such as DNA and the results of her examinations in this case.

4.) Rupert Butcher, City of Miami Police. Rupert Butcher serves as a latent examiner for the Miami Police Department.   Mr. Butcher has completed numerous training programs in the fields of forensic science, including education concerning the identification of latent fingerprints.   During his career, Mr. Butcher has reviewed hundreds of pieces of evidence and latent fingerprints. A copy of Mr. Butcher's resume will be provided to the defense upon receipt.

        Mr. Butcher will testify in the above-captioned matter. The substance of Mr. Butcher's testimony will address latent fingerprints and the surfaces conducive for the identification of latent fingerprints.

        Having made these disclosures, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence, describing the witness' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

5.) Christopher Mayo, Special Agent, Federal Bureau of Investigation ("FBI"). Agent Mayo serves as a Special Agent with the FBI. Special Agent has served as a narcotics investigator and has completed numerous training programs hosted by local, state and federal law enforcement agencies in the fields of narcotics and advanced investigative procedures. During his career in law enforcement, Special Agent Mayo has conducted hundreds of narcotics investigations, including investigations concerning cocaine distribution. The substance of Special Agent Mayo's testimony will address the distribution of cocaine, including the tools, tactics, and terminology used by illegal narcotics distributors. Special Agent Mayo's testimony will also address the value of the illegal narcotics involved in this matter.

O.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.     At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

        Time:  SEE INDICTMENT
        Date:  SEE INDICTMENT
        Place:  SEE INDICTMENT

      The attachments to this response are: bates stamped pages 1-1259 (which includes, among other documents, the law enforcement reports in this case and jail house calls). The government has mailed discovery documents to defense counsel and provided defense counsel the option of reviewing additional digital evidence or awaiting the completion of discs with electronic media. All discs were sent via United States mail to counsel of record prior to this filing.   Please contact the undersigned Assistant United States Attorney if any pages or described content is missing.

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

    By:   /s/ Ignacio J. Vázquez, Jr.
        Ignacio J. Vázquez, Jr.
        Assistant United States Attorney
        Florida Bar No. 16275
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9318
        Fax: (305) 536-4699

cc:    Rosniel Perez, Special Agent
       ATF

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail to: Manuel Gonzalez, Jr., 2000 Ponce De Leon Blvd Suite 614, Coral Gables, Florida 33134-4422; Paul M. Korchin, Esq., 150 West Flagler Street Suite 1700 Miami, Florida 33130-1555  Anthony J. Stonick, Esq., 1571 Northwest 13th Court, Miami, Florida 33125-1605; Arnaldo J. Suri, Esq., 10631 North Kendall Drive, Suite 150, Miami, Florida 33176-1559; David A. Donet, Jr., Esq., 3250 Mary Street, Suite 406, Coconut Grove, Florida 33133-5232; James Scott Benjamin, Esq., 1 Financial Plaza Suite 1615, Fort Lauderdale, Florida 33394-0005; Joel DeFabio, Esq., 2420 Coral Way, Miami, Florida 33145-3410; Kenneth H. White, Esq., 2937 Southwest 27th Avnue, Suite 101, Miami, Florida 33133-3772; and Mario S. Cano, Esq., 2121 Ponce De Leon Boulevard, Suite 950, Coral Gables, Florida 33134-5230 and filed electronically onto the Court's CM/ECF system and sent via CM/ECF to all counsel of record on July 1, 2014.

      /s/ Ignacio J. Vázquez, Jr.
    Assistant United States Attorney