**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14-20017-CR-WILLIAMS**

**UNITED STATES OF AMERICA**,

      Plaintiff,

vs.

**LUIS SALAS**,

      Defendant.

_____/

## MOTION IN LIMINE TO EXCLUDE VIDEO OF FIGHT BETWEEN TWO WOMEN

      Luis Salas, by and through undersigned counsel, moves this Honorable Court exclude certain evidence the Government has indicated it intends to offer at trial, and in support thereof states:

### FACTUAL BACKGROUND

      Luis Salas is charged in the Superseding Indictment with one count of Conspiracy to Distribute a Controlled Substance (Count 1) and one count of Carjacking (Count 33). (DE 199.) According to the government's theory, Mr. Salas was a member of a conspiracy self-labeled "BMT" or "Big Money Team".   On November 14, 2014, the government produced a video and indicated it intends to offer the video in evidence against the members of the conspiracy at trial. The video is of two women engaging in a fight in the street.  It is unclear who these women are and how they relate to the conspiracy.  In the video, the bystanders do not assist the women that are fighting, but rather appear to revel in the fight - it is disturbing to watch.  Even the most hard-hearted juror would despise the men who viewed this event.  The government has indicated that two members of the conspiracy are depicted in the video; Luis Salas is not one of them.

### ARGUMENT AND LAW

Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…".  Thus, although it is common for practitioners to refer to "bad acts" or "uncharged crimes", the rule itself is only interested in extrinsic evidence that could be utilized to impugn the character of a defendant, whether or not that evidence is criminal. See United States v. Terebecki, 692 F.2d 1345, 1348, n.2 (11th Cir. 1982) ("When discussing the admissibility of extrinsic conduct, offense includes non-criminal activity that impugns the defendant's character.") (citation omitted); see also United States v. Larios-Trujillo, 403 Fed.Appx. 442, 444 (11th Cir. 2010) ("If evidence of prior bad acts is not intrinsic and thus is subject to Rule 404(b), it cannot be used to prove the character of the defendant, but may be submitted to aid the jury for a litany of reasons…").

A video of two women being egged on by men who watch them fight can only be viewed as evidence of bad character.  It does nothing to advance the government's case against Luis Salas.  Rather, it appears solely targeted at enflaming the passions of the jurors against the individuals in the video as well as anybody who is associated with them - including any potential members of the BMT.

"A three-part test has evolved for evaluating the admissibility of Rule 404(b) evidence. First, the evidence must be relevant to an issue other than the defendant's character.  Second, as part of the relevance analysis there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act.  Third, the evidence must possess probative value that is

not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." <u>United States v. Miller</u>, 959 F.2d 1535, 1538 (11th Cir. 1992) (*en banc*) (note and citations omitted).  The fails as to all three prongs.

First, as explained above, the evidence is not relevant.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Mr. Salas is not charged with arranging illegal fights.  He is charged with being a member of a conspiracy to distribute drugs and one substantive act of carjacking.  Under no theory is a video of at least two members of the charged conspiracy watching and/or encouraging two women to fight relevant to those charged.  "Irrelevant evidence is not admissible." Fed. R. Evid. 402.  Second, Mr. Salas does not appear to be in the video that is at issue.  Therefore, the evidence fails to indicate that Mr. Salas committed the act.  Finally, under Rule 403, the danger of unfair prejudice substantially outweighs any possible probative value.  It is unclear in what manner the government believes the video could be relevant to Mr. Salas; however, it is apparent that anybody in the video or associated with the individuals in the video would be despised by the jury.  This highly inflammatory evidence should be excluded because the danger of unfair prejudice substantially outweighs any potential probative value. Fed. R. Evid. 403.

WHEREFORE, Luis, by and through undersigned counsel, respectfully moves this Honorable Court exclude admission of the video referenced herein.

Respectfully Submitted,

s/ Marshall Dore Louis

Marshall Dore Louis
Florida Bar No. 512680
SINCLAIR, LOUIS, HEATH,
NUSSBAUM & ZAVERTNIK, P.A.
Alfred I. duPont Building
169 East Flagler Street, Suite 1125
Miami, FL 33131
TEL: (305) 374-0544
FAX: (305) 381-6869
E-MAIL: mdl@sinclairlouis.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 17, 2014, I filed the foregoing document with the Clerk of the Court.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

s/ Marshall Dore Louis

Marshall Dore Louis
Florida Bar No. 512680
SINCLAIR, LOUIS, HEATH,
NUSSBAUM & ZAVERTNIK, P.A.
Alfred I. duPont Building
169 East Flagler Street, Suite 1125
Miami, FL 33131
TEL: (305) 374-0544
FAX: (305) 381-6869
E-MAIL: mdl@sinclairlouis.com

## SERVICE LIST

**Ignacio Jesus Vazquez , Jr.**
**Arimentha R. Walkins**
**Ilham A. Hosseini**
United States Attorney's Office
Major Crimes Section
99 Northeast 4th Street, Room 617
Miami, FL 33132
305−961−9318
Fax: 305−536−4699
Email: ignacio.vazquez@usdoj.gov
Email: arimentha.walkins@usdoj.gov
Email: Ilham.Hosseini@usdoj.gov

(Via CM/ECF Electronic Notification)

*Attorneys for the United States of America*

**Manuel Gonzalez, Jr.**
2000 Ponce de Leon Boulevard
Suite 614
Coral Gables, FL 33134
305−444−1400
Fax: 305−938−5009
Email: mannylaw7@yahoo.com
(Via CM/ECF Electronic Notification)

*Attorney for Maurin Chacon*

**Paul Maury Korchin**
Federal Public Defender's Office
150 W Flagler Street
Miami, FL 33130−1556
305−536−6900
Fax: 530−7120
Email: Paul_Korchin@fd.org
(Via CM/ECF Electronic Notification)

*Attorney for Rodolfo Portela*

**Philip R. Horowitz**
9130 South Dadeland Boulevard
Suite 1910 − Two Datran Center
Miami, FL 33156
305−670−1915
Fax: 305−670−1901
Email: HorowitzDefense@aol.com
(Via CM/ECF Electronic Notification)

*Attorney for Christopher Altamirano*

**Jason W. Kreiss**
1824 SE 4th Avenue
Fort Lauderdale, FL 33316
954−525−1971
Fax: 525−1978
Email: jwk@kreisslaw.com
(Via CM/ECF Electronic Notification)

*Attorney for Raymond Moore*

SINCLAIR, LOUIS & ZAVERTNIK, P.A.

**Joel DeFabio**
DeFabio Beckham Solis
2420 SW 22 Street
Miami, FL 33145
305−860−4884
Fax: 860−4828
Email: jd@jdefabio.com
(Via CM/ECF Electronic Notification)

*Attorney for Angel Martinez*

**Anthony John Stonick**
1571 NW 13th Court
Miami, FL 33125
305−324−7888
Fax: 305−326−0219
Email: ajstonick@gmail.com
(Via CM/ECF Electronic Notification)

*Attorney for Christian Ramirez*

**James Scott Benjamin**
Benjamin &Aaronson
1 Financial Plaza
Suite 1615
Fort Lauderdale, FL 33394−2843
954−779−1700
Fax: 779−1771
Email: sexlaw@bellsouth.net
(Via CM/ECF Electronic Notification)

*Attorney for Miguel Rodriguez*

**David Antonio Donet, Jr.**
Donet McMillan & Trontz
3250 Mary Street
Suite 406
Coconut Grove, FL 33133
305−444−0030
Fax: 305−444−0039
Email: donet@dmt−law.com
(Via CM/ECF Electronic Notification)

*Attorney for James Dixon*

**Mario Stephen Cano**
2121 Ponce de Leon Boulevard
Suite 950
Coral Gables, FL 33134−5230
305−442−2121
Fax: 305−441−2121
Email: MCano@CanoLawMiami.com
(Via CM/ECF Electronic Notification)

*Attorney for Kevin Diaz*

**William Alexander Clay**
11440 N Kendall Drive
Miami, FL 33176
305−595−0866
Fax: 305 595−9732
Email: bill@billclaypa.com
(Via CM/ECF Electronic Notification)

*Attorney for Carlos Tinoco*

**Richard Kevin Houlihan**
Richard Houlihan, P.A.
Ingraham Building
25 S.E. 2nd Avenue
Suite 1100
Miami, FL 33131
305−536−2168
Fax: 305−536−2170
Email: Rkhoulihan@aol.com
(Via CM/ECF Electronic Notification)

*Attorney for Steven Castro*

**Lonnie Brian Richardson**
Lonnie B. Richardson, PA.
175 S.W. 7th St.
Ste.1912
Miami, FL 33130
305−603−1323
Fax: 786−871−7832
Email: Officelonnierichardson@gmail.com
(Via CM/ECF Electronic Notification)

*Attorney for Dwight Forte*

**Herman Frank Rubio, Jr.**
Law Offices of H. Frank Rubio
1107 N.E. 104th Street
Miami Shores, FL 33138
305−892−5297
Fax: 305−758−2373
Email: Rubiolaw@aol.com
(Via CM/ECF Electronic Notification)

*Attorney for Jay Anthony Flores*

**Sky Elliot Smith**
3059 Grand Avenue
Suite 300
Miami, FL 33133
305−445−2201
Fax: 305−445−2202
Email: cielo@bellsouth.net
(Via CM/ECF Electronic Notification)

*Attorney for Fernando Roberto Darce*

**Jeffrey David Marcus**
**Michael Anthony Pineiro**
Marcus Neiman & Rashbaum, LLP
One Biscayne Tower − Suite 1750
2 South Biscayne Boulevard
Miami, FL 33131
305−400−4260
Fax: 866−780−8355
Email: jmarcus@mnrlawfirm.com
Email: mpineiro@mnrlawfirm.com
(Via CM/ECF Electronic Notification)

*Attorney for Mario Balboa*

SINCLAIR, LOUIS & ZAVERTNIK, P.A.