UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CR-20017-WILLIAMS (s)(s)

UNITED STATES OF AMERICA

v.

MAURIN CHACON et al.,

        **Defendants.**
_____/

**GOVERNMENT'S AMENDED NOTICE OF INTENT TO USE RULE 404(B) EVIDENCE**

The United States, by and through the undersigned Assistant United States Attorney, hereby files this Amended Notice of Intent to Introduce Inextricably Intertwined and Rule 404(b) Evidence pursuant to the Court's order on November 4, 2014 order.

**A. Background**

The government relies on its prior factual recitation in support of its prior notice of inextricably intertwined and Rule 404(b) evidence.

The government previously noticed that its case-in-chief will contain evidence, such as witness testimony, text messaging, social media, video surveillance, and jail house recordings establishing that the defendants committed uncharged offenses. The uncharged conduct relates to the operation of the BMT drug trafficking enterprise, violent crimes associated with the furtherance of the drug trafficking enterprise, firearm possession and the protection of the defendant's position in the BMT organization. The government intends to elicit the testimony from civilians and cooperating defendants who have seen the defendants engage in the above described activities. The above events include criminal acts which were unreported events to

authorities, and therefore cannot many cannot be associated to a specified date. However, the government's cooperating witnesses have reported that the offenses occurred within the time frame charged by the indictment or in connection to the criminal enterprise's operation. The witnesses will also testify to the making of statements regarding the above activities.

The testimony relates to the operation of the conspiracy and is thus tendered subject to the doctrine of inextricably intertwined with the commission of the charged offenses, although the conduct is also admissible under Rule 404(b). *See United States v. Cody*, 460 Fed. Appx. 825, 827 (11th Cir. 2012) ("If evidence is not extrinsic under Rule 404(b), then notice is not required.") (*citing United States v. Leavitt,* 878 F.2d 1329, 1339 (11th Cir. 1989). The government has provided notice of the uncharged offenses, both to seek admission under Rule 404(b) and to provide insight into the nature of the government inextricably intertwined evidence.

### B. The Proposed Rule 404(b) Evidence

The government seeks to introduce evidence under Rule 404(b) in its case in-chief in the form of associated convictions/adjudications, physical evidence and witness testimony from the episodes identified below. The government acknowledges that the quantum and manner in which any Rule 404(b) evidence is admitted is subject to the discretion of the Court.

*Defendant Maurin Chacon*

1.) Conviction for Robbery by Sudden Snatch, Miami-Dade County Circuit Court Case No. F06-43668; and

2.) Conviction for Burglary, Miami-Dade County Circuit Court Case No. F07-8866;

3.) Allegation of Cocaine Possession with Intent to Distribute, Miami-Dade County Circuit Court Case No. F08-30791.

*Defendant Christopher Altamirano*

    1.) Allegation of Cocaine Possession with Intent to Distribute, Miami-Dade County Circuit Court Case No. F13-7950.

*Defendant Rodolfo Portela*

    1.) Conviction for Carrying a Concealed Firearm, Miami-Dade County Circuit Court Case No. F05-16780;

    2.) Conviction for Burglary of a Structure, Miami-Dade County Circuit Court Case No. F07-9474;

    3.) Conviction for Cocaine Possession with Intent to Distribute with 1,000 Feet of a School, Miami-Dade County Circuit Court Case No. F07-6123;

    4.) Conviction for Cocaine Possession with Intent to Distribute, Miami-Dade County Circuit Court Case No. F10-32264C; and

    5.) Allegation of False Imprisonment and Battery, Miami-Dade County Circuit Court Case No. F13-12116.

*Defendant Dayaan Zerquera*

    1.) Conviction for Cocaine Possession with Intent to Distribute, Miami-Dade County Circuit Court Case No. F08-25546;

    2.) Conviction for Cannabis Possession with Intent to Distribute, Miami-Dade County Circuit Court Case No. F08-39401; and

    3.) Conviction for Attempted Felony Murder and Armed Robbery, Miami-Dade County Circuit Court Case No. F10-35877B.

*Defendant Raymond Moore*

1.) Controlled Substance Possession Conviction, Miami-Dade County Circuit Court Case No. F10-25077; and

2.) Cocaine Possession Conviction, Miami-Dade County Circuit Court Case No. F11-13337B.

*Defendant Alioth Salas*

1.) Grand Theft of an Automobile Conviction, Miami-Dade County Circuit Court Case No. F09-190267;

2.) Resisting Officer with Violence Conviction, Miami-Dade County Circuit Court Case No. F13-9806; and

3.) Allegation of Narcotics Possession with Intent to Distribute, September 1, 2014, Miami Beach, Florida, Miami-Dade County Circuit Court Case No. F14-19791.

*Defendant Luis Salas*

1.) Possession of Cannabis with Intent to Distribute Conviction, Miami-Dade County Circuit Court Case No. F10-13489.

*Defendant Joseph Thompson*

1.) Strong-arm, Robbery and Robbery by Sudden Snatch Convictions, Miami-Dade County Circuit Court Case No. F07-37247;

2.) Cocaine Procession with Intent to Distribute Conviction, Miami-Dade County Circuit Court Case No. F03-27947; and

3.) Strong-arm Robbery Conviction, Miami-Dade County Circuit Court Case No. F13-21392.

*Defendant Christian Ramirez*

1.) Conviction for Attempted Murder and Allegation of Attempted First Degree Murder with a Weapon, Miami-Dade County Circuit Court Case No. F02-18872A;

2.) Conviction for Improper Exhibition of a Weapon, Miami-Dade County Court Case No. B11-11734;

3.) Conviction for Cocaine Possession, Miami-Dade County Circuit Court Case No. F10-2125;

4.) Conviction for Firearm Possession by a Convicted Felon, Miami-Dade County Circuit Court Case No. F11-21683;

5.) Conviction for Cocaine Possession, Miami-Dade County Circuit Court Case No. F12-19325;

6.) Conviction for Battery and Trespass, Miami-Dade County Court Case No. M13-5103.

*Defendant James Dixon*

1.) Allegation of Sexual Battery with Multiple Perpetrators and Conviction for Kidnapping, Miami-Dade County Circuit Court Case No. F10-6960C. The government seeks only to admit evidence of the defendant's participation in a criminal act involving a group and physical force.

*Defendant Dwight Forte*

1.) Allegation of Cannabis Procession with Intent to Distribute, Miami-Dade County Circuit Court Case No. F12-19320.

*Defendant Fernando Roberto Darce*

1. Allegation of Carrying a Concealed Firearm, Miami-Dade County Circuit Court Case

No. F14-10614.

*Defendant Mario Balboa*

1.) Cocaine Possession, Miami-Dade County Circuit Court Case No. F05-15512; and

2.) Cannabis Possession with Intent to Distribute, Miami-Dade County Circuit Court Case No. F11-12717.

## CONCLUSION

The United States respectfully requests that the Court allow it to introduce the proposed Rule 404(b) evidence in its case-in-chief at trial. The documents with the identified events have been are available for pick up at the government's office and alternatively will be mailed to defense counsel.

    Respectfully submitted,

    WIFREDO A. FERRER
    UNITED STATES ATTORNEY

By:  /s/ Ignacio J. Vázquez, Jr.
    Ignacio J. Vázquez, Jr.
    Assistant United States Attorney
    Florida Bar No. 16275
    U.S. Attorney's Office - SDFL
    99 Northeast Fourth Street, 6th Floor
    Miami, Florida 33132-2111
    Telephone: (305) 961-9318
    Facsimile: (305) 536-4699
    E-mail: ignacio.vazquez@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was uploaded onto the

Court's CM/ECF system and sent via CM/ECF to all counsel of record on November 21, 2014.

                                      /s/ Ignacio J. Vázquez, Jr.
                                      Ignacio J. Vázquez, Jr.
                                      Assistant United States Attorney