UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CR-20017-WILLIAMS(s)(s)

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **MAURIN CHACON et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**GOVERNMENT'S AMENDED RESPONSE TO THE STANDING DISCOVERY ORDER, NOTICE OF INTENT TO RELY ON 404(B) AND INEXTRICABLY INTERTWINED EVIDENCE, NOTICE OF EXPERT WITNESSES & NOTICE OF INTENTION TO OFFER CERTIFIED DOMESTIC RECORDS INTO EVIDENCE**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A. 1. Attached, please find a copy of any written statements made by the defendant.

    2. Attached, please find summaries or copies of any oral statements made by the defendant.

    3. No defendant testified before the Grand Jury.

    4. The NCIC record of the defendants, will be made available to their respective defense counsel.

    5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

    The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

    **Notice of Intention to Officer Certified Domestic Records into Evidence**[1]

    The United States of America gives notice that pursuant to Fed. R. Evid. 902(11) it intends to offer the following certified domestic records of regularly conducted activity, which are available for inspection: Miami-Dade County Department Corrections recorded jail phone calls and records; Federal Bureau of Prisons recorded prison phone calls and records; Police Communications recordings; Cellular Phone Information records (records include text communications and user information); Facebook and Instagram records.

  6.  DNA and latent testing results for defendant Rodolfo Portela have been provided in discovery.

 B.  **DEMAND FOR RECIPROCAL DISCOVERY:** The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

 C.  The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

 D.  The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

    The government has provided *Kastigar* letters to three prospective witnesses. These defendants have pled without an agreement without an government and have executed factual proffers contained in the instant case's online docket. The NCIC for the cooperating defendants and

---

[1] This notice does not limit the government's ability to introduce the records set forth or any other records or evidence in accordance with any other Federal Rule of Evidence, statute, or law.

        subjects identified as potential witnesses have been provided in discovery. The government agrees to disclose/confirm the names of witness with NCIC records or with impeachment material directly to defense counsel until the Court's required witnesses list submission with the agreement that defense counsel will not disclose the witnesses identifies to the defendants.  The government asserts this precaution is necessary to protect witness safety

        The government anticipates the prospect of additional possible cooperating defendants testifying at trial and will provide the defense with the witness's NCIC upon confirmation of an agreement to testify with their respective defense counsel.

        The government is aware that a cooperating defendant has violated the terms of supervised release.

        The government is aware that one of its witnesses has acknowledged participating in a separate drug trafficking conspiracy.

E.        The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.        Attached, please find the information for defendants identified in a lineup, showup, photospread or similar identification proceeding.

G.        The government has advised its agents and officers involved in this case to preserve all rough notes.

H.        **Notice of Intent to Rely on 404(b) and Inextricably Intertwined Evidence**: The government seeks to introduce at trial, in its' case-in-chief, evidence of defendant's prior possession of a firearm, and acts showing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.   All materials provided to the defense are tendered pursuant to Rule 404(b).   The government has provided a more detailed notice of its intent to rely on Rule 404(b) Evidence in prior Court filings.

        Additionally, the government also seeks to admit evidence of events inextricably intertwined with the indicted offenses.  All materials provided to the defense are also tendered pursuant to the doctrine of inextricably intertwined evidence. The government has provided a more detailed notice of its intent to rely on Inextricably Intertwined Evidence in

prior Court filings.

I. No communication were captured pursuant to a wiretap application. The discovery materials contain jail house calls secured by subpoena and cellular phone, Facebook and Instagram communications acquired by court authorized search warrant. The government intends to introduce these materials pursuant to Fed. R. Evid. 902(11).

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The narcotics recovered during the investigation remain in law enforcement custody.

L. There are no automobiles, vessels, or aircraft utilized in the commission of the offense charged in the custody of the government.

M. Any latent fingerprint testing results are included in the tendered materials.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

The government expects to call the following expert witnesses at trial, or similarly qualified expert:

1.) Clarabelle Hodgfon, Miami-Dade Police Department. Clarabelle Hodgfon serves as a fingerprint analyst with the Miami-Dade Police Department.  Ms. Sampson has completed numerous training programs in the fields of forensic science, including specific education regarding fingerprint identification.  During her career, Ms. Hodgfon Sampson has analyzed hundreds of fingerprints for comparison.

Ms. Hodgfon will testify in the above-captioned matter.  The substance of Ms. Clarabelle Hodgfon's testimony will address the comparison of the defendant's fingerprint to prior convictions.

2.) Javier Ribas, ATF. Javier Ribas serves as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Agent Ribas has completed numerous training programs in the field of firearms and ammunition.  During his career in law enforcement, Agent Ribas has examined hundreds of firearms and ammunition

rounds for the purpose of determining the items point of origination and determining movement in interstate commerce.

Agent Ribas will testify in the above-captioned matter. The substance of Agent Ribas' testimony will address the subject firearm and ammunition rounds movement in interstate commerce and the value of these items.

3.) Olga Saavedra, Miami-Dade Police. Olga Saavedra serves as a criminalist in the Forensic Biology Section for the Miami-Dade Police Department. Ms. Saavedra has received training programs in the field of forensic science, including education concerning the identification and analysis of biological evidence, such as DNA. Ms. Saavedra has reviewed hundreds of pieces of evidence for the identification of biological evidence such as DNA.

Ms. Saavedra will testify in the above-captioned matter. The substance of Ms. Saavedra's testimony will address biological evidence, the circumstances conducive for the recovery of biological evidence, such as DNA and the results of her examinations in this case.

4.) Rupert Butcher, City of Miami Police. Rupert Butcher serves as a latent examiner for the Miami Police Department. Mr. Butcher has completed numerous training programs in the fields of forensic science, including education concerning the identification of latent fingerprints. During his career, Mr. Butcher has reviewed hundreds of pieces of evidence and latent fingerprints. A copy of Mr. Butcher's resume will be provided to the defense upon receipt.

Mr. Butcher will testify in the above-captioned matter. The substance of Mr. Butcher's testimony will address latent fingerprints and the surfaces conducive for the identification of latent fingerprints.

Having made these disclosures, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence, describing the witness' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

5.) Christopher Mayo, Special Agent, Federal Bureau of Investigation ("FBI"). Agent Mayo serves as a Special Agent with the FBI. Special Agent has served as a narcotics investigator and has completed numerous training programs hosted by local, state and federal law

       enforcement agencies in the fields of narcotics and advanced investigative procedures. During his career in law enforcement, Special Agent Mayo has conducted hundreds of narcotics investigations, including investigations concerning cocaine distribution. The substance of Special Agent Mayo's testimony will address the distribution of cocaine, including the tools, tactics, and terminology used by illegal narcotics distributors. Special Agent Mayo's testimony will also address the value of the illegal narcotics involved in this matter.

O.   The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.   At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

  The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

  In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

    Time: SEE INDICTMENT
    Date: SEE INDICTMENT
    Place: SEE INDICTMENT

The attachments to this response are twenty (20) discs, the report documents consist of bates stamped pages 1-10,021 (which includes, among other documents, the law enforcement reports in this case and jail house calls). The government has mailed and emailed discovery documents to defense counsel.  Further, pole camera footage may be secured by providing the government with a two terabyte hard drive.   All discs were sent via United States mail to counsel of record prior to this filing or by hand delivery.   Please contact the undersigned Assistant United States Attorney if any pages or described content is missing.

>
> Respectfully submitted,
>
> WIFREDO A. FERRER
> UNITED STATES ATTORNEY
>
> By:   /s/ Ignacio J. Vázquez, Jr.
> Ignacio J. Vázquez, Jr.
> Assistant United States Attorney
> Florida Bar No. 16275
> 99 Northeast 4th Street
> Miami, Florida 33132-2111
> Tel: (305) 961-9318
> Fax: (305) 536-4699

cc:     Rosniel Perez, Special Agent
        ATF

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically onto the Court's CM/ECF system and sent via CM/ECF to all counsel of record on November 21, 2014.

>  /s/ Ignacio J. Vázquez, Jr.
> Assistant United States Attorney