UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                      CASE NO.: 14-20017-CR-WILLIAMS

CHRISTOPHER ALTAMIRANO,

    Defendant.

_____/

**DEFENDANT'S MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES**

COMES NOW the Defendant CHRISTOPHER ALTAMIRANO by and through his undersigned counsel and moves this Court for the entry of an order granting the defense additional peremptory challenges and in support thereof states as follows:

1. That on October 6, 2014, a grand jury sitting in Miami returned the second superseding indictment in the instant case. (DE #199) This second superseding indictment charged 17 defendants with various counts relating to an alleged drug conspiracy, purported numerous firearms violations and purported acts in furtherance of racketeering activity.

2. This matter is currently specially set to proceed to trial on Monday, February 9, 2015 at the United States Courthouse in Miami. Trial has been conservatively estimated to last 4-6 weeks. As of the date and time of this motion it appears that approximately ten of the named defendants will be proceeding to trial.

3. In light of the length and complexities of the case which this court is all too familiar with, the defense would be requesting double the amount of the allotted

peremptory challenges or a total of twenty (20) peremptory challenges in the jury selection process. Being limiting each defendant to literally one peremptory per defendant would be fundamentally unfair in such a lengthy and significant case.

### *Memorandum of Law*

Rule 24 of the Federal Rules of Criminal Procedure provides that in a noncapital felony case, "[t]he government has 6 peremptory challenges and the defendant or defendants jointly have 10 peremptory challenges." Fed. R. Crim. P. 24(b)(2).

The rule states, however, that in a case such as the instant case which includes multiple defendants, a "court may allow additional peremptory challenges." Fed. R. Crim. P. 24(b) (emphasis added). The district court is given discretion about whether to allow additional peremptory challenges. *United States v. Lopez,* 445 F. App'x 190, 193 (11th Cir. 2011); *See United States v. Bryant,* 671 F.2d 450, 455 (11th Cir.1982) (noting the district court's "wide discretion" in "regulating the exercise of peremptory challenges").

Additionally, the Rule provides, "If there is more than one defendant, **the court may allow the defendants additional peremptory challenges and permit them to be exercised separately or jointly**." Fed. R. Crim. P. 24(b). (Emphasis added). The United States Supreme Court has recognized that the "right to exercise peremptory challenges is 'one of the most important of the rights secured to the accused.'" *Ross v. Oklahoma*, 487 U.S. 81, 89, 108 S.Ct. 2273, 2278 (1988), *citing*, *Swain v. Alabama*, 380 U.S. 202, 219, 85 S.Ct. 824, 835 (1965). As the court stated in *Swain,*

> The persistence of peremptoriness and their extensive use demonstrate the long and widely held belief that peremptory challenge is a necessary

> part of trial by jury. *See Lewis v United States*, 146 U.S. 370, 376, 13 S.Ct. 136, 142 (1892). Although "[t]here is nothing in the Constitution of the United States which requires the Congress (or the States) to grant peremptory challenges," *Stilson v. United States*, 250 U.S. 583, 586 , 40 S.Ct. 28, 30 (1919), nonetheless the challenge is "**one of the most important of the rights secured to the accused."** *Pointer v. United States*, 151 U.S. 396, 408, 14 S.Ct. 410, 414 (1894). **The denial or impairment of the right is reversible error without a showing of prejudice.** *Lewis v. United States, supra; Harrison v. United States,* 163 U.S. 140, 16 S.Ct. 961 (1896), (other citations omitted). "[F]or it is, as Blackstone says, an arbitrary and capricious right, and it must be exercised with full freedom or it fails of its full purpose." *Lewis v. United States*, 146 U.S. at 378, 13 S.Ct. At 139.

*Swain v. Alabama*, 380 U.S. at 218, 85 S.Ct. at 835. (Emphasis added).

Based on the complexity of the case, the number of defendants proceeding to trial, the publicity attendant to this case, and expected length of the trial, extra peremptory challenges should be mandated in the instant case. Limiting the defense to a total of ten peremptory challenges would impair the important rights of the accused during jury selection.

WHEREFORE, based upon the above and foregoing, the Defendant respectfully requests that this Court permit the defendant additional peremptory challenges such that the defense may exercise a total of twenty (20) peremptory challenges.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 21st day of January 2015.

    Respectfully submitted,

    LAW OFFICES OF PHILIP R. HOROWITZ
    Attorney for Defendant ALTAMIRANO
    Suite #1910 - Two Datran Center
    9130 South Dadeland Boulevard
    Miami, Florida 33156
    Tel.: (305) 670-1915
    Fax.: (305) 670-1901
    E-Mail: *HorowitzDefense@aol.com*


    */s/ Philip R. Horowitz, Esquire*
    By: PHILIP R. HOROWITZ, ESQ.
    Florida Bar No.: 466557