UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20017-CR-WILLIAMS/SIMONTON(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAURIN CHACON, et al.,

    Defendants.
_____/

### ORDER GRANTING, IN PART, AND DENYING AS MOOT, IN PART DEFENDANTS' MOTIONS FOR DISCLOSURE OF FAVORABLE EVIDENCE

Presently pending before this Court are two motions which seek to compel the Government to disclose favorable evidence: Defendant's Request for Specific Kyles and Brady Material, filed by Defendant Chacon on behalf of all defendants, ECF No. [567]; and Motion for Disclosure of Specific Favorable Evidence and *Giglio* Material Related to Government Witnesses, filed by Defendant Tinoco on behalf of all defendants, ECF No. [615]. The Government has responded in opposition, ECF Nos. [662] and [683]. No replies were filed. These motions were referred to the undersigned Magistrate Judge by the Honorable Kathleen M. Williams, United States District Judge, ECF No. [633]. Oral argument on these motions was held on January 16, 2015, ECF No. [702]. At the hearing, the undersigned announced her rulings from the bench. This Order incorporates by references those rulings and the reasons stated on the record. The following is a summary of those proceedings and rulings.

    I.    **BACKGROUND**

All defendants are charged in Count 1 of the Second Superseding Indictment with conspiracy to possess with intent to distribute a controlled substance between January 2011 and October 2014, in violation of 21 U.S.C. § 846, ECF No. [199]. In addition, some

of the defendants are charged with various substantive offenses related to the conspiracy. This case involves an alleged conspiracy centered on the activities of a gang known as the Big Money Team, or BMT. The government's theory is that the members of this gang and others who associated with this gang, unlawfully enriched themselves by engaging in drug trafficking, acts of violence and other crimes, including robbery, assault, prostitution, obstruction of justice and distribution of controlled substances.

## II.  THE MOTIONS TO COMPEL FAVORABLE EVIDENCE

The motions listed above sought to compel the Government to produce a litany of information, most, if not all, of which is already covered by the Court's Standing Discovery Order. The Government filed detailed responses to those motions, providing much of the information requested or confirming that such information had already been produced. Therefore, at the outset of the hearing, the undersigned directed the defendants to advise the Court of any evidence that they believe the Government had not yet produced. Based upon the ruling of the District Judge assigned to this case that all motions filed by any defendant pertained to all defendants, the undersigned ruled that all issues raised by one defendant would apply to all similarly situated defendants, and that counsel for the defendants need not repeat arguments presented by co-counsel. This Order addresses the matters identified at the hearing as unresolved.

Defendant Chacon requested any evidence in the Government's possession that BMT was not a gang but was a rap group, that Mr. Chacon was not the leader of the group, and that members of the group only sold drugs on an individual basis and not as part of the BMT group. Since this information contradicts the Government's theory of the case, and may minimize Defendant's involvement, the Government is required to produce it by January 26, 2015.

Defendant Chacon also requested transcripts of post-arrest interviews of government witnesses where they have changed their statements. The Government does not have any transcripts, but the recordings have been provided; therefore this issue is moot.

Defendant Chacon requested reports of subsequent interviews with potential witnesses Guzman, Martinez, and Rodriguez where they have changed their statements. The Government advised that Martinez is not a government witness, and all such statements have been provided.

Defendant Chacon requested the unredacted NCIC record of witness Gabriel Alfonso. The Government has agreed to provide that to counsel by January 21, 2015, with the proviso that personal information will not be shared with the defendants; the government will provide a redacted version that may be shared with the defendants.

Defendant Chacon sought to compel impeachment information regarding the paid informant. The Government stated that, at the present time, the paid informant would not be called in the Government's case-in-chief. If the Government wants to preserve its right to call the informant in its case-in-chief, it must provide all information on or before January 26, 2015. Failure to do so, absent good cause, may result in a preclusion of the informant as a witness in the government's case-in-chief.

Defendant Portela requested that the Government be compelled to provide the identity of the jailhouse informant who provided information regarding incriminating statements made to the informant by Defendant Portela, as well as an unredacted criminal history and a more detailed statement of the information. The Government agreed to provide the notes of the interview with the informant, as well as the unredacted criminal history, subject to the same provisions stated above with respect to witness Alfonso. This information shall be produced on or before January 26, 2015.

**Defendant Altamirano requested that the ruling with respect to unredacted NCIC reports apply to all NCIC reports that the Government has provided.  This was ordered, without objection.**

**Defendant Flores requested that the Government provide all information tending to show that Mr. Flores was not a member of BMT and did not sell drugs for BMT.  The Government stated that its theory of the case was not that Mr. Flores was a member of BMT, but that he was permitted to sell drugs in the BMT area, and he was a member of the conspiracy.  The Court ordered the Government to provide any information in its possession that Mr. Flores was not a member of BMT or that he was not authorized to sell drugs on behalf of BMT.  Even if it is not the theory of the Government that Mr. Flores was a member of BMT, such information may bear on whether he was a member of the conspiracy.**

**Defendant Dixon requested the same information as Mr. Flores, and the Government stated that it had no such information with respect to Mr. Dixon.**

**Defendant Flores also requested the production of any agreements or limited use immunity letters involving any of the Government's witnesses.  Since such agreements may bear on the credibility of the witnesses, the Government was ordered to produce such agreements if in writing, or describe them if they are oral, on or before January 26, 2015.**

**There were no other matters in contention regarding the above motions.**

**Therefore, for the reasons stated on the record and set forth above, it is hereby**

**ORDERED AND ADJUDGED that the Motions are granted to the extent set forth in the body of this Order.**

**DONE AND ORDERED** in chambers in Miami, Florida, this 1st day of February, 2015.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
**The Honorable Kathleen M. Williams, United States District Judge**
**All counsel of record**