UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20017-CR-WILLIAMS/SIMONTON(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAURIN CHACON, et al.,

    Defendants.
_____/

**ORDER GRANTING, IN PART, DEFENDANTS' MOTIONS FOR BILL OF PARTICULARS**

Presently pending before this Court are three motions which seek to compel the Government to provide a Bill of Particulars: Defendant Luis Salas' Motion for Bill of Particulars, ECF No. [578]; Defendant Dayaan Zerquera's Motion for Bill of Particulars, ECF No. [608], and Defendant Carlos Tinoco's Motion for Bill of Particulars, ECF No. [611]. The Government has responded in opposition, ECF Nos. [624]. No replies were filed. These motions were referred to the undersigned Magistrate Judge by the Honorable Kathleen M. Williams, United States District Judge, ECF No. [633]. Oral argument on these motions was held on January 14 and 16, 2015, ECF No. [702]. At the hearing, the undersigned announced her rulings from the bench. This Order incorporates by reference those rulings and the reasons stated on the record. The following is a summary of those proceedings and rulings.

    I.    **BACKGROUND**

All defendants are charged in Count 1 of the Second Superseding Indictment with conspiracy to possess with intent to distribute a controlled substance between January 2011 and October 2014, in violation of 21 U.S.C. § 846, ECF No. [199]. In addition, some of the defendants are charged with various substantive offenses related to the conspiracy. This case involves an alleged conspiracy centered on the activities of a

gang known as the Big Money Team, or BMT. The government's theory is that the members of this gang and others who associated with this gang, unlawfully enriched themselves by engaging in drug trafficking, acts of violence and other crimes, including robbery, assault, prostitution, obstruction of justice and distribution of controlled substances. Extensive discovery has been provided regarding the charged offenses.

## II.   FRAMEWORK FOR ANALYSIS

The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. *United States v. Anderson*, 799 F.2d 1438, 1441-42 (11th Cir. 1986); *United States v. Cantu*, 557 F.2d 1173, 1178 (5th Cir. 1977). A bill of particulars supplements an indictment by providing the defendant with information necessary for trial preparation. A bill of particulars is not the proper vehicle through which to obtain generalized discovery. *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985); *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981).

In *United States v. London*, 550 F.2d 206, 211 (5th Cir. 1977), the former Fifth Circuit stated "[t]he test is not whether the indictment might have been drawn with greater certainty and exactitude, but rather whether it set forth the elements of the offense charged and sufficiently appraised defendants of the charges." Similarly, in *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978), the Court stated that "it is not necessary for an indictment to go further and to allege in detail the factual proof that will be relied upon to support the charges." Further, the decision of whether or not to grant a bill of particulars rests within the sound discretion of the court. *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985).

An examination of some cases which have considered motions for bills of particulars serves to flesh out these general principals. For example, in *Warren*, the

defendants were convicted of conspiracy to hold, and of actually holding migrant workers in involuntary servitude. The Eleventh Circuit held that it was not error to deny a motion for a bill of particulars which sought the photographs and nicknames of the victims allegedly held in servitude where the indictment alleged the proper names of the victims and there was no showing that any potential defense witnesses were unable to recognize the victims by their proper names. 772 F.2d at 837.

In *United States v. Colson*, 662 F.2d 1389 (11th Cir. 1981), where the defendant was convicted of participating in a conspiracy to distribute various controlled substances, the Eleventh Circuit held that it was not an abuse of discretion to deny a motion for bill of particulars which sought the identities of co-conspirators, the dates and locations of conduct in furtherance of the alleged conspiracy, and detailed information relating to quantities of controlled substances and their chain of custody. The Court emphasized that the defendant was improperly attempting to use a bill of particulars as a generalized discovery device. Similarly, in *United States v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976), the court emphasized that a bill of particulars could not be used as a way to obtain a witness list. *Accord United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (where information that the defendant seeks has been provided in discovery, a bill of particulars is inappropriate); *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.) (Rule 7(f) does not require the government to lay out in detail each overt act in a charged conspiracy), *modified on other grounds*, 801 F.2d 378 (11th Cir. 1986); *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (Rule 7(f) does not require the government to provide defendants with a detailed list of its evidence and its witnesses).

Thus, where specific information is necessary for the defendant to prepare his defense, a bill of particulars is appropriate. On the other hand, where the defendant is seeking generalized discovery, which expands the scope of discovery otherwise

3

permitted under the Federal Rules of Criminal Procedure, the motion for a bill of particulars will be denied.

### III. THE MOTIONS FOR BILL OF PARTICULARS

With these principles in mind, and for the reasons stated on the record and summarized below, the undersigned finds that the Indictment fairly and sufficiently apprises Defendants of the charges and will protect them against a possible second prosecution. The undersigned also finds that the requested bill of particulars is not necessary to prevent unfair surprise. The undersigned further finds that any claim for additional information has been addressed by the government's detailed description of Defendants' roles in the offenses, and by the government's production of discovery. This is particularly true since the District Judge assigned to this case has required the Government to provide additional details regarding criminal acts it contends were committed in furtherance of the conspiracy. To the extent that additional clarification is required, the rulings made at the hearing and set forth below concerning the production of additional information obviate the need for a formal Bill of Particulars.

At the outset of the hearing, the undersigned directed the defendants to advise the Court of the specific information which they contended the Government should be required to provide in the form of a Bill of Particulars. Based upon the ruling of the District Judge assigned to this case that all motions filed by any defendant pertained to all defendants, the undersigned ruled that all issues raised by one defendant would apply to all similarly situated defendants, and that counsel for the defendants need not repeat arguments presented by co-counsel. This Order addresses the matters identified at the hearing.

Initially, counsel for Mr. Zerquera sought a bill of particulars with respect to Count 6 of the Second Superseding Indictment, which charges Defendants Chacon, Altamirano, Thompson, and Forte with committing a violent crime in aid of racketeering activity, and

4

specifically assaulting M.O., S.A., D.R., and P.L with a dangerous weapon.  Since Mr. Zerquera is not charged in Count 6, the undersigned ruled that he was not entitled to obtain a bill of particulars regarding this Count, notwithstanding the fact that the factual recitations in the Count allege that he was a member or associate of the BMT criminal enterprise.  Since he is not charged, he does not need to defend against this offense.  The same ruling applies to the other similarly situated defendants.

To the extent that the defendants sought information regarding where the conspiracy occurred, the undersigned directed the Government to identify any substantive crimes committed in furtherance of the conspiracy that occurred outside of Miami-Dade County.  This ruling was required by the prior Order of the District Judge which required the Government to identify any uncharged criminal offenses as to which it intended to introduce evidence at trial.

Regarding the request for the Government to identify any unindicted co-conspirators, the Court ordered the Government to identify only those co-conspirators not previously identified, under the following circumstances:  (1) if the Government intends to rely on that status to use out-of-court statements made by the co-conspirator under FRE 801(d)(2)(E); or (2) if they were government agents during the course of the conspiracy and the government intends to argue that a conspiracy is established by the actions of that person.

Regarding the request for more specific information regarding Count 9 of the Second Superseding Indictment, which charges Defendants Chacon, Thompson, Tinoco, Diaz and Forte with possession of a firearm in furtherance of a drug trafficking crime, the Government identified Defendant Thompson as the person who was in physical possession of the firearm, and stated that the liability of the others was based on aiding and abetting under 18 U.S.C. § 2, and the *Pinkerton* theory of liability.  The undersigned

ruled that this information satisfied any need for a bill of particulars to enable the defendants to prepare for trial.

Many of the requests sought evidentiary detail which is not necessary to enable the defendants to prepare a defense, or plead double jeopardy.  For example, to the extent that Mr. Flores sought to compel particular information regarding the dates that the Government contends he entered the conspiracy and when his involvement ended, the request was denied as a request for general discovery.  To the extent that Mr. Alioth Salas requested a list of all overt acts, including the date, time and place, and persons present, that request was similarly denied.  The specific uncharged offenses on which the Government will rely have already been provided, and if there are additional uncharged offenses, the Government is directed to provide that information by January 21, 2015.

In sum, the indictment is sufficiently specific regarding how the alleged crimes were committed, and the government has provided extensive additional details in discovery.  Defendants are not entitled to general criminal discovery which expands the scope of discovery otherwise permitted under the Federal Rule of Criminal Procedure.  To the extent that additional information is necessary to enable the Defendants to prepare a defense, it has been ordered above as well as in connection with the previously filed discovery motions.

Therefore, for the reasons stated on the record and set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Motions are granted in part, to the limited extent set forth in the body of this Order.

DONE AND ORDERED in chambers in Miami, Florida, this 1st day of February, 2015.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
**The Honorable Kathleen M. Williams, United States District Judge**
**All counsel of record**