## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 14-20017-CR-WILLIAMS(s)(s)

**UNITED STATES OF AMERICA**

**v.**

**MAURIN CHACON, et al.,**

       **Defendants.**

_____/

### GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTIONS

       Pursuant to Fed. R. Crim. P. 30, the United States respectfully requests that the following jury instructions be given at trial in the above-styled action.  It is further requested that the parties be allowed to propose such additional instructions as become appropriate based on the trial testimony, and that they be informed prior to closing arguments which instructions the Court will accept and which it will decline.

                     Respectfully submitted,

                     WIFREDO A. FERRER
                     UNITED STATES ATTORNEY

By:   /s/ Ignacio J. Vázquez, Jr.
                     Ignacio J. Vázquez, Jr.
                     Assistant United States Attorney
                     Florida Bar No. 16275
                     99 Northeast 4th Street
                     Miami, Florida 33132-2111
                     Tel: (305) 961-9318
                     Fax: (305) 536-4699

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 7, 2015, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.

<u>/s/</u> Ignacio J. Vázquez, Jr.
Assistant United States Attorney

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**The Duty to Follow Instructions and
the Presumption of Innocence When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all *possible* doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of
Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Impeachment of Witnesses Because of Inconsistent Statements**
**(Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

## Impeachment of Witnesses Because of Inconsistent Statement
## or Felony Conviction (Defendant with Felony Conviction Testifies)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement. But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.  Evidence that a Defendant was previously convicted of a crime is not evidence of guilt of the crimes in this trial. But you may use the evidence to decide whether you believe the Defendant's testimony.

**Testimony of Accomplice or Codefendant**

You must consider some witnesses' testimony with more caution than others.  In this case, the Government has called a Codefendant as a witness. A witness who hopes to gain more favorable treatment may have a reason to make a false statement. So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses. And the fact that a witness has pleaded guilty to an offense is not evidence of the guilt of any other person.

**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**Confession or Statement of Multiple Defendants**

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.  Any such statement is not evidence about any other Defendant.

## Introduction to Offense Instructions

The indictment charges 33 separate crimes, called "counts," against the Defendants. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count 1 charges the Defendants with conspiracy to possess a controlled substance, that is at least two hundred and eighty (280) grams of cocaine base, commonly referred to as "crack cocaine," marijuana and 3,4-Methylenedioxymethcathinone, also known as "MDMC," also known as "methylone," also known as 3,4-Methylenedioxy-N-methylcathinone, with intent to distribute.

Counts 2, 3 and 23 charges the Defendants with unlawfully possessing a firearm and ammunition after having previously been convicted of a felony.

Counts 4, 8, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21,22, 25, 29, 30, 31, 32 charges the Defendants with possession of a controlled substance with the intent to distribute.

Counts 5, 7, 9, 28 charges the Defendants with possessing a firearm in furtherance of a drug trafficking or violent crime.

Count 6 charges the Defendants with committing a violent crime in aid of racketeering activity.

## Controlled Substances–Conspiracy
## 21 U.S.C. § 846

It is a Federal crime for anyone to conspire to knowingly possess with intent to distribute cocaine base, commonly referred to as "crack cocaine," marijuana or 3,4-Methylenedioxymethcathinone, also known as "MDMC," also known as "methylone," also known as 3,4-Methylenedioxy-N-methylcathinone.

Title 21 United States Code Section 841(a)(1) makes it a crime for anyone to knowingly possess cocaine base, commonly referred to as "crack cocaine," marijuana, or 3,4-Methylenedioxymethcathinone, also known as "MDMC," also known as "methylone," also known as 3,4-Methylenedioxy-N-methylcathinone with intent to distribute it.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendants can be found guilty only if all the following facts are proved beyond a reasonable doubt:

(1) Two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess crack cocaine; and

(2) The Defendant knew the unlawful purpose of the plan and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. Also a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

**Controlled Substances–Possession with Intent to Distribute**
**21 U.S.C. § 841(a)(1)**

It is a Federal crime for anyone to possess a controlled substance with intent to distribute it. Cocaine base, commonly referred to as "crack cocaine," marijuana and 3,4-Methylenedioxymethcathinone, also known as "MDMC," also known as "methylone," also known as 3,4-Methylenedioxy-N-methylcathinone are controlled substances.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     The Defendant knowingly possessed a controlled substance and

(2)     The Defendant intended to distribute the controlled substance.

To "intend to distribute" is to plan to deliver possession of a controlled substance to someone else, even if nothing of value is exchanged.

## Possession of a Firearm by a Convicted Felon
## 18 U.S.C. § 922(g)(1)

It is a Federal crime for anyone who has been convicted of a felony offense to possess a firearm or ammunition in or affecting interstate or foreign commerce.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    The Defendant knowingly possessed a firearm or ammunition in or affecting interstate or foreign commerce; and

(2)    Before possessing the firearm, the Defendant had been convicted of a felony—a crime punishable by imprisonment for more than one year.

A "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive.  The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.

"Ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

The term "interstate or foreign commerce" includes the movement of a firearm from one state to another or between the United States and any foreign country.  It is not necessary for the Government to prove that the Defendant knew the firearm had moved from one state to another, only that the firearm did, in fact, move from one state to another.

**Possessing a Firearm in Furtherance of a Drug Trafficking Crime**
**18 U.S.C. § 924(c)(1)(A)**

It is a separate Federal crime for anyone to use a firearm in relation to, carry a firearm during and in relation to or possess a firearm in furtherance of a drug-trafficking crime or crime of violence.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) The Defendant committed the  drug trafficking crime or crime of violence charged in Counts 5, 6, 7, 9 and 28 of the indictment;

(2) The Defendant knowingly used, carried, possessed a firearm; and

(3) The Defendant used the firearm "in relation to" *or* carried the firearm "in relation to" *or* possessed the firearm "in furtherance of" the drug-trafficking crime or violent crime.

A "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.

To "use" a firearm means more than a mere possession and more than proximity and accessibility; it requires active employment of the weapon as by brandishing or displaying it in some fashion.

To "carry" or "possess" a firearm is to have a firearm on one's person *or* to transport or control a firearm in a way that makes it available for immediate use while committing the drug-trafficking crime or violent crime.

To use or carry a firearm "in relation to" a crime means that there must be a firm connection between the Defendant, the firearm, and the drug-trafficking crime or violent crime.

The firearm must have helped with some important function or purpose of the crime, and not simply have been there accidentally or coincidentally.

Possessing a firearm "in furtherance of" a crime means that the firearm helped, promoted, or advanced the crime in some way. Some factors to consider are the type of activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, and proximity to the drugs.[1]

Regarding Count 7, the indictment charges that the Defendant knowingly carried a firearm during and in relation to a a violent crime and possessed a firearm in furtherance of a violent crime. In other words, the Defendant is charged with violating the law in Count 7 in two separate ways. The Government has to prove only one of those ways, not both. But to find the Defendant guilty you must all agree on which of the two ways the Defendant violated the law.

---

[1] *United States v. Timmons*, 283 F. 3d 1246, 1252 (11th Cir. 2002); *see also United States v. Williams*, 731 F.3d 1222, 1232 (11th Cir. 2013).

**Violent Crime in Aid of Racketeering Activity**
**18 U.S.C. § 1959**

The defendant is charged in the indictment with committing a crime of violence, specifically, in aid of a racketeering enterprise.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(1) On or about the time period described, an enterprise affecting interstate commerce existed;

(2) The enterprise engaged in racketeering activity;

(3) The defendant committed the following crime of violence:  Aggravated Assault as defined in 784.021, Fla. Stat.; and

(4) The defendant's purpose in committing the crime of violence was to gain entrance to, or to maintain or to increase his position in the enterprise.

To prove the crime of Aggravated Assault under Florida Statute § 784.021, the government must prove the following four elements beyond a reasonable doubt.

(1) The Defendant intentionally and unlawfully threatened, either by word or act, to do violence to the victim;

(2) At the time, defendant appeared to have the ability to carry out the threat;

(3) The act of the defendant created in the mind of victim a well-founded fear that the violence was about to take place; and

(4) The assault was made with a deadly weapon.

A firearm is a deadly weapon.

An "enterprise" includes any group of people associated for a common purpose of engaging in a course of conduct. The government may prove the existence of such an enterprise

by evidence of an ongoing organization, formal or informal, and by evidence that the various associates functioned as a continuing unit. You must also find that the enterprise engaged in, or the activities of the enterprise affected interstate commerce. To satisfy the showing that the enterprise was engaged in or affected interstate commerce, the government need only prove beyond a reasonable doubt either that the activities of the enterprise considered in their entirety had some minimal effect on interstate commerce, or that the enterprise was "engaged in" interstate commerce. It is NOT necessary for the government to prove that the specific act of violence charged in Count Six affected interstate commerce; rather, it is the enterprise and its activities considered in their entirety that must be shown to have that effect.

"Racketeering activity" means any act or threat involving robbery, extortion or dealing in a controlled substance or listed chemical any of which are chargeable under Florida law and any act of obstruction of a criminal investigations, or witness tampering chargeable under Federal law.   Robbery, extortion or dealing in a controlled substance or listed chemical are chargeable offenses under Florida law.  Obstruction of a criminal investigations and witness tampering are chargeable under Federal law.

In order to establish that the Defendant committed, or aided and abetted in a crime of violence for the purpose maintaining or increasing his position within the enterprise, the Government must prove that the Defendant's general purpose in committing the crime was to gain entrance to, or increase or maintain his position within the enterprise. However, self-promotion need not have been the Defendant's only, or even his primary concern. If the Defendant committed the violent crime in furtherance of that membership, or because it would

benefit his position or prestige within the enterprise, then the third element I referred to above is satisfied. These examples are by way of illustration and are not exhaustive.[2]

---

2 Ninth Circuit Pattern Jury Instructions, Offense Instruction No. 8.151(2013) (modified).The government has submitted a proposed jury instruction for violation of Title 18, United States code, Section 1959(c), as the Eleventh Circuit has not issued a standard jury instruction. *United States v. Robertson,* 736 F.3d 1317, 1330-31 (11th Cir. 2013); *see also United States v. Fernandez*, 388 F.3d 1199, 1233 (9th Cir. 2004); *see also United States v. Diaz*, 176 F.3d 52, 95 (2d Cir. 1999); *United States v. Concepcion*, 983 F.2d 369, 381 (2d Cir. 1992).

## Vicarious Liability (*Pinkerton* Instruction)

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.

So regarding Counts 5 (Firearm Possession in Furtherance of a Drug Trafficking Crime), 6 (Violent Crime in Aid of Racketeering), 7 (Firearm Possession in Furtherance of a Crime of Violence), 8 (Possession of Controlled Substance with Intent to Distribute), 9 (Firearm Possession in Furtherance of a Drug Trafficking Crime), 19 (Possession of Controlled Substance with Intent to Distribute), 20 (Possession of Controlled Substance with Intent to Distribute)  and 28 (Firearm Possession in Furtherance of a Drug Trafficking Crime) and Defendant Chacon, if you have first found Defendant Chacon guilty of the crime of conspiracy as charged in Count 1, you may also find  Defendant Chacon guilty of any of the crimes charged in Counts 5, 6, 7, 8, 9, 19, 20 and 28 even if you find Defendant Chacon did not personally participate in the crime.

To do so, you must find beyond a reasonable doubt:

(1) During the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2) The Defendant was a knowing and willful member of the conspiracy when the crime was committed; and

(3) It was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

## Aiding and Abetting (Agency)
## 18 U.S.C. § 2

It is also possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged under the alternative rule of Aiding and Abetting.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**Similar Acts Evidence (Rule 404(b), Fed. R. Evid.)**

During the trial, you heard evidence of acts done by the Defendant on other occasions that may be similar to acts the Defendant is currently charged with.  You must not consider any of this evidence to decide whether the Defendant committed the acts charged now.  But you may consider this evidence for other very limited purposes.

If other evidence leads you to decide beyond a reasonable doubt that the Defendant committed the charged acts, you may consider evidence of similar acts done on other occasions to decide whether the Defendant had the state of mind or intent necessary for the crime charged, acted according to a plan or to prepare to commit a crime, or committed the charged acts by accident or mistake.

## Possession

The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person does not have actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

**On or About a Particular Date; Knowingly**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

**Punishment of Multiple Defendants, Multiple Counts**

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Explanatory Instruction Transcript of Tape Recorded Conversation**

Exhibits have been identified as a typewritten transcripts of the oral conversation heard on the tape recording received in evidence. The transcripts also purport to identify the speakers engaged in the conversation.

I have admitted the transcripts for the limited and secondary purpose of helping you follow the content of the conversation as you listen to the tape recording and also to help you identify the speakers. But you are specifically instructed that whether the transcript correctly reflects the content of the conversation or the identity of the speakers is entirely for you to decide based on your own examination of the transcripts in relation to hearing the tape recordings themselves as the primary evidence of their own content.  If you determine that the transcripts are in any respect incorrect or unreliable, you should disregard it to that extent.

**Explanatory Instruction Role
of the Interpreter**

We seek a fair trial for all regardless of what language they speak. We are going to have an interpreter assist us through these proceedings, and you should know what they can do and they cannot do. Basically, the interpreter is here only to help us communicate during the proceedings. They are not a party in the case, has no interest in the case, and will be completely neutral. Accordingly, they are not working for either party. The interpreter's sole responsibility is to enable us to communicate with each other.

Treat the interpreter of the witness's testimony as if the witness had spoken English and no interpreter was present. Do not allow the fact that testimony is given in a language other than English influence you in any way.

If any of you understand the language of the witness, disregard completely what the witness says in their language. Consider as evidence only what is provided by the interpreter in English. If you think an interpreter has made a mistake, you may bring it to the attention of the Court, but you should make your deliberations on the basis of the official interpretation.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-CR-20334-WILLIAMS(s)(s)**

**UNITED STATES OF AMERICA**

**vs.**

**MAURIN CHACON, et al.**

       **Defendants.**

_____/

**<u>VERDICT</u>**

1.     We, the Jury, unanimously find the Defendant, MAURIN CHACON, as to **Count 1** of the Indictment:

          GUILTY _____          NOT GUILTY _____

    (a)     If you find the Defendant not guilty as charged in **Count 1**, please skip to paragraph 2.  However, if you find the Defendant guilty as to **Count 1**, please proceed to paragraph (b) below.

    (b)     We, the Jury, having found the Defendant guilty of the offense charged in **Count 2**, further find with respect to that Count that he conspired to possess with intent to distribute controlled substance in the amounts shown (place an X in the appropriate box):

        (i)     280 grams or more of cocaine base                    [    ]

        (ii)     Between 28 grams and 279 grams of cocaine base   [    ]

        (iii)     Less than 28 grams of cocaine base.                  [    ]

2.      We, the Jury, unanimously find the Defendant, CHRISTOPHER ALTAMIRANO, as to **Count 1** of the Indictment:

GUILTY _____          NOT GUILTY _____

(a)      If you find the Defendant not guilty as charged in **Count 1**, please skip to paragraph 3.  However, if you find the Defendant guilty as to **Count 1**, please proceed to paragraph (b) below.

(b)      We, the Jury, having found the Defendant guilty of the offense charged in **Count 1**, further find with respect to that Count that he conspired to possess with intent to distribute controlled substance in the amounts shown (place an X in the appropriate box):

(i)      280 grams or more of cocaine base               [   ]

(ii)     Between 28 grams and 279 grams of cocaine base   [   ]

(iii)    Less than 28 grams of cocaine base.              [   ]

3.      We, the Jury, unanimously find the Defendant, RODOLFO PORTELA, as to **Count 1** of the Indictment:

GUILTY _____          NOT GUILTY _____

(a)      If you find the Defendant not guilty as charged in **Count 1**, please skip to paragraph 4.  However, if you find the Defendant guilty as to **Count 1**, please proceed to paragraph (b) below.

(b)      We, the Jury, having found the Defendant guilty of the offense charged in **Count 1**, further find with respect to that Count that he conspired to possess with intent to distribute

controlled substance in the amounts shown (place an X in the appropriate box):

      (i)      280 grams or more of cocaine base        [  ]

      (ii)     Between 28 grams and 279 grams of cocaine base  [  ]

      (iii)    Less than 28 grams of cocaine base.       [  ]

4.     We, the Jury, unanimously find the Defendant, JAMES DIXON, as to **Count 1** of the Indictment:

GUILTY _____      NOT GUILTY _____

    (a)    If you find the Defendant not guilty as charged in **Count 1**, please skip to paragraph 5.  However, if you find the Defendant guilty as to **Count 1**, please see proceed to paragraph (b) below.

    (b)    We, the Jury, having found the Defendant guilty of the offense charged in **Count 1**, further find with respect to that Count that he conspired to possess with intent to distribute following controlled substance in the amounts shown (place an X in the appropriate box):

      (i)      280 grams or more of cocaine base        [  ]

      (ii)     Between 28 grams and 279 grams of cocaine base  [  ]

      (iii)    Less than 28 grams of cocaine base.       [  ]

5.     We, the Jury, unanimously find the Defendant, JAY ANTHONY FLORES, as to **Count 1** of the Indictment:

GUILTY _____      NOT GUILTY _____

    (a)    If you find the Defendant not guilty as charged in **Count 1**, please skip to

paragraph 6.  However, if you find the Defendant guilty as to **Count 1**, please see proceed to paragraph (b) below.

(b)       We, the Jury, having found the Defendant guilty of the offense charged in **Count 1**, further find with respect to that Count that he conspired to possess with intent to distribute following controlled substance in the amounts shown (place an X in the appropriate box):

(i)       280 grams or more of cocaine base                [   ]

(ii)      Between 28 grams and 279 grams of cocaine base   [   ]

(iii)     Less than 28 grams of cocaine base.              [   ]

6.      We, the Jury, unanimously find the Defendant, RODOLFO PORTELA, as to **Count 2** of the Indictment:

GUILTY _____        NOT GUILTY _____

7.      We, the Jury, unanimously find the Defendant, RODOLFO PORTELA, as to **Count 3** of the Indictment:

GUILTY _____        NOT GUILTY _____

8.      We, the Jury, unanimously find the Defendant, RODOLFO PORTELA, as to **Count 4** of the Indictment:

GUILTY _____        NOT GUILTY _____

9.      We, the Jury, unanimously find the Defendant MAURIN CHACON, as to **Count 5** of the Indictment:

GUILTY _____        NOT GUILTY _____

10.     We, the Jury, unanimously find the Defendant RODOLFO PORTELA, as to **Count 5** of the Indictment:

GUILTY _____          NOT GUILTY _____

11.     We, the Jury, unanimously find the Defendant MAURIN CHACON, as to **Count 6** of the Indictment:

GUILTY _____          NOT GUILTY _____

12.     We, the Jury, unanimously find the Defendant CHRISTOPHER ALTAMIRANO, as to **Count 6** of the Indictment:

GUILTY _____          NOT GUILTY _____

13.     We, the Jury, unanimously find the Defendant MAURIN CHACON, as to **Count 7** of the Indictment:

GUILTY _____          NOT GUILTY _____

(a)     If you find the Defendant not guilty as charged in **Count 7**, please skip to paragraph 15.  However, if you find the Defendant guilty as to **Count 7**, please proceed to paragraph (b) below.

(b)     We, the Jury, having found the Defendant guilty of the offense charged in **Count 7**, further find with respect to that Count that the firearm was discharged.

YES _____          NO _____

14.     We, the Jury, unanimously find the Defendant CHRISTOPHER ALTAMIRANO, as to **Count 6** of the Indictment:

GUILTY \_\_\_\_\_          NOT GUILTY \_\_\_\_\_

(a)     If you find the Defendant not guilty as charged in **Count 7**, please skip to paragraph 16.  However, if you find the Defendant guilty as to **Count 7**, please proceed to paragraph (b) below.

(b)     We, the Jury, having found the Defendant guilty of the offense charged in **Count 7**, further find with respect to that Count that the firearm was discharged.

YES \_\_\_\_\_          NO \_\_\_\_\_

15.     We, the Jury, unanimously find the Defendant MAURIN CHACON, as to **Count 8** of the Indictment:

GUILTY \_\_\_\_\_          NOT GUILTY \_\_\_\_\_

16.     We, the Jury, unanimously find the Defendant MAURIN CHACON, as to **Count 9** of the Indictment:

GUILTY \_\_\_\_\_          NOT GUILTY \_\_\_\_\_

17.     We, the Jury, unanimously find the Defendant MAURIN CHACON, as to **Count 12** of the Indictment:

GUILTY \_\_\_\_\_          NOT GUILTY \_\_\_\_\_

18.     We, the Jury, unanimously find the Defendant MAURIN CHACON, as to **Count 13** of

the Indictment:

GUILTY _____          NOT GUILTY _____

19.     We, the Jury, unanimously find the Defendant CHRISTOPHER ALTAMIRANO, as to

**Count 14** of the Indictment:

GUILTY _____          NOT GUILTY _____

20.     We, the Jury, unanimously find the Defendant CHRISTOPHER ALTAMIRANO, as to

**Count 15** of the Indictment:

GUILTY _____          NOT GUILTY _____

21.     We, the Jury, unanimously find the Defendant CHRISTOPHER ALTAMIRANO, as to

**Count 16** of the Indictment:

GUILTY _____          NOT GUILTY _____

22.     We, the Jury, unanimously find the Defendant CHRISTOPHER ALTAMIRANO, as to

**Count 17** of the Indictment:

GUILTY _____          NOT GUILTY _____

23.     We, the Jury, unanimously find the Defendant MAURIN CHACON, as to **Count 18** of

the Indictment:

GUILTY _____          NOT GUILTY _____

24.     We, the Jury, unanimously find the Defendant MAURIN CHACON, as to **Count 19** of the Indictment:

GUILTY _____        NOT GUILTY _____

25.     We, the Jury, unanimously find the Defendant MAURIN CHACON, as to **Count 20** of the Indictment:

GUILTY _____        NOT GUILTY _____

26.     We, the Jury, unanimously find the Defendant MAURIN CHACON, as to **Count 21** of the Indictment:

GUILTY _____        NOT GUILTY _____

27.     We, the Jury, unanimously find the Defendant MAURIN CHACON, as to **Count 22** of the Indictment:

GUILTY _____        NOT GUILTY _____

28.     We, the Jury, unanimously find the Defendant MAURIN CHACON, as to **Count 23** of the Indictment:

GUILTY _____        NOT GUILTY _____

29.     We, the Jury, unanimously find the Defendant JAMES DIXON, as to **Count 25** of the Indictment:

GUILTY _____        NOT GUILTY _____

30.    We, the Jury, unanimously find the Defendant MAURIN CHACON, as to **Count 28** of the Indictment:

GUILTY _____          NOT GUILTY _____

31.    We, the Jury, unanimously find the Defendant CHRISTOPHER ALTAMIRANO, as to **Count 29** of the Indictment:

GUILTY _____          NOT GUILTY _____

32.    We, the Jury, unanimously find the Defendant MAURIN CHACON, as to **Count 30** of the Indictment:

GUILTY _____          NOT GUILTY _____

33.    We, the Jury, unanimously find the Defendant CHRISTOPHER ALTAMIRANO, as to **Count 31** of the Indictment:

GUILTY _____          NOT GUILTY _____

34.    We, the Jury, unanimously find the Defendant CHRISTOPHER ALTAMIRANO, as to **Count 32** of the Indictment:

GUILTY _____          NOT GUILTY _____

**SO SAY WE ALL.**

Signed and dated at the United States Courthouse, Miami, Florida, this _____ day of February, 2015.

_____          _____
Foreperson's Signature                                      Foreperson's Printed Name