UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-20017-CR-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RODOLFO PORTELA, *et al.*,

    Defendants.

_____/

## ORDER

The Court held hearings in this matter on February 2, and February 3, 2015. In accordance with the oral rulings made at the hearings and based upon a review of the record and applicable case law, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Fernando Roberto Darce's motion responding to Government's 404(b) notice and objections to the evidence (DE 407) is **DENIED AS MOOT** in light of Mr. Darce's guilty plea.

2. Defendant Luis Salas's motion for separate trial on certain counts (DE 428) is **DENIED AS MOOT** in light of Mr. Salas's guilty plea.

3. Defendant Carlos Tinoco's motion *in limine* to exclude testimony pertaining to Mr. Portela's post-arrest extortion related conduct (DE 487) is **GRANTED**. To the extent statements exist relating to conduct directed at witnesses in this case or co-defendants, the Government may, with the appropriate predicate, introduce those statements at trial.

4. Defendant Rodolfo Portela's motion *in limine* (DE 560) is **DENIED**. At the hearings, the Government represented that it would not be offering the following 404(b)

evidence at trial: (1) Allegation of False Imprisonment and Battery, Miami-Dade County Circuit Court Case No. F13-12116; and (2) Conviction for Burglary of a Structure, Miami-Dade County Circuit Court Case No. F07-9474. However, Mr. Portela's motion *in limine* to exclude the remaining 404(b) evidence: (1) Conviction for Carrying a Concealed Firearm, Miami-Dade County Circuit Court Case No. F05-16780; (2) Conviction for cocaine possession with intent to distribute within 1,000 feet of a school, Miami-Dade County Circuit Court Case No. F07-6123; and (3) Conviction for cocaine possession with intent to distribute, Miami-Dade County Circuit Court Case No. F10-32264C is **DENIED**. Mr. Portela's motion to exclude inextricably intertwined evidence is also **DENIED**. Nonetheless, to the extent that an appropriate predicate is not offered at trial linking certain activities to the conspiracy or to particular defendants (*i.e.*, the trespass or prostitution related activities discussed by the Court at the hearings), that evidence will not be admitted.

5. Defendant Steven Castro's motion to exclude unfairly prejudicial opinion evidence as to criminal guilt or association and motion for hearing under *Daubert* to determine admissibility of opinion testimony (DE 563) is **DENIED**. The Court ordered that the Government produce to the defendants: (1) the testifying expert FBI agent's curriculum vitae; (2) a list of all cases (with case numbers) where he has been qualified as an expert; and (3) his educational credentials and any courses he has taught or programs he has attended in his field of expertise.

6. Defendant Dayaan Zerquera's motion to suppress physical evidence (DE 564) is **DENIED AS MOOT** in light of Mr. Zerquera's guilty plea.[1]

---

[1] The motion is also denied in accordance with the findings of Magistrate Judge Andrea M. Simonton (DE 667).

7. Defendant Jay Anthony Flores's motion *in limine* (DE 569) to exclude 404(b) evidence is **GRANTED**.

8. Defendant Maurin Chacon's motion to sever (DE 577) is **DENIED**.

9. Defendant Maurin Chacon's motions *in limine* to exclude 404(b) evidence and inextricably intertwined evidence (DE 581) and (DE 594) are **GRANTED IN PART AND DENIED IN PART**. Defendant Maurin Chacon's motion to exclude 404(b) evidence is **GRANTED** with respect to the 2005 purse snatching, Case No. J05-1095 and the 2006 chain robbery, Case No. F06-43668, and the 2007 burglary of an unoccupied vehicle, Case No. F07-8866. The Court **RESERVES** ruling with respect to the May 23, 2014 attempted murder occurring at 428 Northwest 11th Avenue, Miami, Florida.[2] The motion to exclude is **GRANTED** with respect to the video of a 2012 fight occurring near 1057 Washington Ave., Miami Beach.[3]

10. Defendant Luis Salas's motion to suppress statements and evidence (DE 587) is **DENIED AS MOOT** in light of Mr. Salas's guilty plea.

11. Defendant Raymond Moore's motion *in limine* to exclude 404(b) and inextricably intertwined evidence (DE 595) is **DENIED AS MOOT** in light of Mr. Moore's guilty plea.

12. Defendant Carlos Tinoco's motion to exclude certain Facebook posting and comments thereon (DE 613) is **DENIED**. The Government represented at the

---

[2] As the Court explained at the hearings, the Court would require the Government to produce a witness (*i.e.*, the victim) to the May 23, 2014 attempted murder incident who can testify as to the events that day and how those events relate to the charged offenses.

[3] With respect to the 2012 fight video, should the Government have additional evidence linking the fight to the conspiracy and the charged offenses, the Government may reargue the admissibility of the video at trial.

hearings that the Facebook postings and other social media pictures would be appropriately redacted.

13. Defendant Luis Salas's motion to be tried in second trial group (DE 626) is **DENIED AS MOOT** in light of Mr. Salas's guilty plea.

14. Defendant Rodolfo Portela's *ex parte* motion regarding DNA analysis (DE 698) is **DENIED**.

15. Defendant Jay Anthony Flores's supplemental motion for reconsideration of motion to sever (DE 703) is **DENIED**.

16. Defendant Christopher Altamirano's motion for additional preemptory challenges (DE 709) and the Government's motion for additional preemptory challenges (DE 712) are **GRANTED IN PART AND DENIED IN PART**. The defendants shall have **12** preemptory challenges and the Government shall have **7**.

17. Defendant Maurin Chacon's motion *in limine* to exclude post-arrest statements based on *Crawford v.* Washington, 541 U.S. 36 (2004) (DE 716) is **DENIED**. At the hearings, the Government represented that the persons to whom the statements were made will testify. The Government also represented that it would redact those statements that may inculpate co-defendants. Consequently, each defendant will have the opportunity to cross-examine any such witnesses about the statements he is alleged to have made.

18. Defendant Christopher Altamirano's motion for reconsideration (DE 761) is **GRANTED**. In accordance with the Court's oral rulings, Defendants Maurin Chacon, Rodolfo Portela, Alioth Salas, Joseph Thompson, James Dixon, Joel Diaz, and Jay

Anthony Flores shall submit to fingerprint collection on **Monday, February 9, 2015 at 1:30 p.m.**

19. Upon a review of the record, Magistrate Judge Andrea M. Simonton's Report and Recommendation, and based upon the arguments and objections made by counsel to the Report, and the oral argument and rulings made by the Court during the hearing on February 2, 2015, the Court hereby **ADOPTS AND AFFIRMS** Magistrate Judge Andrea M. Simonton's Report and Recommendations (DE 766). Defendant Rodolfo Portela's motion to suppress (DE 32) and Supplement (DE 121) are **DENIED**.

20. Defendant Jay Anthony Flores's motion for a written report and recommendation (DE 767) is **DENIED AS MOOT**. (*See* DE 771).

21. Defendant James Dixon's motion to exclude 404(b) evidence (DE 768) is **GRANTED** as to the juvenile robbery conviction. The Court **RESERVES** on the remaining 404(b) evidence and requests that the Government provide additional authority for its admission.

22. Defendant Christopher Altamirano's motion for disclosure of additional expert material (DE 779) is **GRANTED**. The Government shall provide the defendants with the curriculum vitaes of the witnesses in question.

**DONE AND ORDERED** in chambers in Miami, Florida, this ___ day of February, 2015.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE