UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

vs. CASE NO.: 14-20017-CR-WILLIAMS

CHRISTOPHER ALTAMIRANO,

Defendant.
____________________________/

**DEFENDANT'S MOTION IN LIMINE**

COMES NOW the Defendant CHRISTOPHER ALTAMIRANO by and through his undersigned counsel and moves this Court for the entry of an order excluding evidence that the government will seek to introduce pursuant to Fed. R. E. 902(11) and in support thereof states as follows:

1. That on October 6, 2014, a grand jury sitting in Miami returned the second superseding indictment in the instant case. (DE #199) This second superseding indictment charged 17 defendants with various counts relating to an alleged drug conspiracy, purported numerous firearms violations and purported acts in furtherance of racketeering activity.

2. This matter was specially set to commence trial and did proceed to trial on Monday, February 9, 2015 at the United States Courthouse in Miami. To date, there has been three weeks of trial. The case is beginning to draw to a close as a charge conference is set for tomorrow, Monday, March 2, 2015 at 2:30 p.m.

3. On Friday, February 27, 2015 after the 14th day of trial, at 2:46 p.m., 2:48 p.m. and 2:51 p.m. respectively, the government forwarded to counsel for the

defendants three e-mails containing three separate photo arrays purportedly taken from three locations within the Federal Detention Center. These arrays each contained “graffiti” type writings purportedly from the walls of FDC - Miami with “BMT” written on them as well as various slogans pertaining to BMT.

According to the three e-mails, these photos were taken from Cell Z05-016, Z01-021 and from the walls of the medical center within the institution as well. These photos are undated and devoid of how long these writings were on the wall, when they were discovered and more importantly, who wrote them.

The defendant would object to the introduction of these photographs as violative of the notice requirements of Fed. R. E. 902(11). In addition, introduction of these photographs would violate Rule 403 in that as to this defendant they are certainly more prejudicial than probative.

***Memorandum of Law***

Under Federal Rule of Evidence Rule 803(6), business records are not excluded as hearsay if they are kept in the course of a regularly conducted business activity, and if it was the regular practice of the business activity to make the records, all as “shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification.” This circuit has held that Rule 803(6) requires “the testimony of a custodian or other qualified witness who can explain the record keeping procedure utilized.” *United States v. Garnett*, 122 F.3d 1016, 1018–19 (11th Cir.1997). “The touchstone of admissibility under the business records exception to the hearsay rule is reliability, and a trial judge has broad discretion to determine the admissibility of such evidence.”

*United States v. Durrett*, 524 F. App'x 492, 495 (11th Cir. 2013); *United States v. Bueno–Sierra*, 99 F.3d 375, 378 (11th Cir.1996).

However, Rule 902(11) permits a party to authenticate business records with a written declaration of a records custodian or other qualified person, as long as the party provides notice of intention to the adverse party, and makes the record and declaration available for inspection sufficiently in advance of their offer into evidence. *United States v. Lezcano*, 296 F. App'x 800, 807-08 (11th Cir. 2008) The Government has not complied with Rule 902(11) in seeking to admit this as a business record since the notice is clearly inadequate and does not give the defendant an adequate opportunity to inspect the records.

In *United States v. Lezcano*, 296 F. App'x 800 (11th Cir. 2008) the appellate court found that Delgado's arguments that insurance records did not have any tendency to make any fact in issue more probable or less probable and that they were prejudicial were meritless. This was because Delgado was accused of defrauding the insurance company, the insurance company records were, of course, relevant and had probative value. Thus, the probative value was obviously not outweighed by the danger of unfair prejudice. *See Fed. R. Evid. 402, 403.*

In the instant case, none of the records provided indicate who was the occupant of the respective cells was occupied by any of the defendants on trial nor whether the graffiti located in the medical center was placed there by this defendant. The admission of the “graffiti” is has absolutely no probative value to the charges that this defendant is facing and it admission is solely designed to prejudice this defendant. With its untimely production and inherent prejudice, these exhibits should not be

admitted during this trial.

WHEREFORE, based upon the above and foregoing, the Defendant respectfully requests that this Court enter an order granting this motion and prohibiting the government from introducing the photographs described above that were produced to the defense on February 27, 2015.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 1st day of March 2015.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant ALTAMIRANO
Suite #1910 - Two Datran Center
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel.: (305) 670-1915
Fax.: (305) 670-1901
E-Mail: HorowitzDefense@aol.com

***/s/ Philip R. Horowitz, Esquire***
By: PHILIP R. HOROWITZ, ESQ.
Florida Bar No.: 466557