UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  14-20017-CR-WILLIAMS


UNITED STATES OF AMERICA

        Plaintiff,

vs.


MAURIN CHACON
CHRISTOPHER ALTAMIRANO
RODOLFO PORTELA
JAMES DIXON and
JAY ANTHONY FLORES

        Defendants.

_____ /


## COURT'S JURY INSTRUCTIONS

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find each Defendant guilty beyond a reasonable doubt.

## A.

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against a Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. A Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if a Defendant chooses not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find that Defendant not guilty.

**B.**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all *possible* doubt. The Government's proof only has to exclude any "reasonable doubt" concerning a Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## C.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## D.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## E.

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**F.**

You must consider some witnesses' testimony with more caution than others.   In this case, the Government has called a codefendant as a witness. A witness who hopes to gain more favorable treatment may have a reason to make a false statement.   And a witness may testify about events that occurred during a time when the witness was using addictive drugs, and so the witness may have an impaired memory of those events.   So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses. And the fact that a witness has pleaded guilty to an offense is not evidence of the guilt of any other person.

## G.

The Government must prove beyond a reasonable doubt that a Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate the identification is. I suggest that you ask yourself questions:

- Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

- How much time did the witness have to observe the person?

- How close was the witness?

- Did anything affect the witness's ability to see?

- Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of a Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

## H.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## I.

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether a Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.  Any such statement is not evidence about any other Defendant.

## J.

During the trial, you heard evidence of acts done by a Defendant on other occasions that may be similar to acts that that Defendant is currently charged with.  You must not consider any of this evidence to decide whether that Defendant committed the acts charged now.  But you may consider this evidence for other very limited purposes.

If other evidence leads you to decide beyond a reasonable doubt that a Defendant committed the charged acts, you may consider evidence of similar acts done on other occasions to decide whether that Defendant had the state of mind or intent necessary for the crime charged, acted according to a plan or to prepare to commit a crime, or committed the charged acts by accident or mistake.

Of course, similar act evidence of one Defendant may not be considered in determining the guilt or innocence of any other Defendant.

**K.**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## L.

Exhibits have been identified as typewritten transcripts of the oral conversation heard on the tape recording received in evidence. The transcripts also purport to identify the speakers engaged in the conversation.

I have admitted the transcripts for the limited and secondary purpose of helping you follow the content of the conversation as you listen to the tape recording and also to help you identify the speakers. But you are specifically instructed that whether the transcript correctly reflects the content of the conversation or the identity of the speakers is entirely for you to decide based on your own evaluation of the testimony you have heard about the preparation of the transcript, and from your own examination of the transcripts in relation to hearing the tape recordings themselves as the primary evidence of their own content.  If you determine that the transcripts are in any respect incorrect or unreliable, you should disregard it to that extent.

**M.**

We seek a fair trial for all regardless of what language they speak. We had an interpreter assist us through these proceedings, and you should know what they can do and they cannot do. Basically, the interpreter was here only to help us communicate during the proceedings. They are not a party in the case, they have no interest in the case, and they are completely neutral. Accordingly, they are not working for either party. The interpreter's sole responsibility is to enable us to communicate with each other.

Treat the interpreter of the witness's testimony as if the witness had spoken English and no interpreter was present. Do not allow the fact that testimony is given in a language other than English to influence you in any way.

If any of you understand the language of the witness, disregard completely what the witness says in their language. Consider as evidence only what is provided by the interpreter in English; you should make your deliberations on the basis of the official interpretation.

**N.**

The indictment charges 32 separate crimes, called "counts," against the Defendants. Each count has a number and charges only those Defendants named in that count. You'll be given a copy of the indictment to refer to during your deliberations.

Count 1 charges the Defendants with conspiracy to possess a controlled substance, that is at least two hundred and eighty (280) grams of cocaine base, commonly referred to as "crack cocaine," marijuana and 3,4-Methylenedioxymethcathinone, also known as "MDMC," also known as "methylone," also known as 3,4-Methylenedioxy-N-methylcathinone, with intent to distribute.

Counts 2, 3 and 23 charge the Defendants named in those counts with unlawfully possessing a firearm and ammunition after having previously been convicted of a felony.

Counts 4, 8, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 25, 29, 30, 31, 32 charge the Defendants named in those counts with possession of a controlled substance with the intent to distribute.

Counts 5, 7, 9, 28 charge the Defendants named in those counts with possessing a firearm in furtherance of a drug trafficking or violent crime.

Count 6 charges the Defendant named in that count with committing a violent crime in aid of racketeering activity.

## COUNT 1

It is a Federal crime for anyone to conspire to knowingly possess with intent to distribute cocaine base, commonly referred to as "crack cocaine," marijuana or 3,4-Methylenedioxymethcathinone, also known as "MDMC," also known as "methylone," also known as 3,4-Methylenedioxy-N-methylcathinone.

Title 21 United States Code Section 841(a)(1) makes it a crime for anyone to knowingly possess cocaine base, commonly referred to as "crack cocaine," marijuana, or 3,4-Methylenedioxymethcathinone, also known as "MDMC," also known as "methylone," also known as 3,4-Methylenedioxy-N-methylcathinone with intent to distribute it.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

A Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

(1)      Two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess cocaine base, commonly referred to as "crack cocaine," marijuana or 3,4-Methylenedioxymethcathinone, also known as "MDMC," also known as "methylone," also known as 3,4-Methylenedioxy-N-methylcathinone; and

16

(2)        The Defendant knew the unlawful purpose of the plan and willfully joined in it.

(3)        The object of the unlawful plan was to possess with the intent to distribute more than 280 grams of crack cocaine and a detectable amount of MDMC and marijuana.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If a Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that is sufficient for you to find a Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. Also a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

The Defendants are charged with conspiring to possess and intending to distribute at least 280 grams of cocaine base, commonly referred to as "crack cocaine." But you may find any Defendant guilty of that crime even if the amount of the controlled substance for which he should be held responsible is less than 280 grams of cocaine base, commonly referred to as "crack cocaine." So if you find any Defendant guilty, you must also unanimously agree on the weight of the cocaine base, commonly referred to as "crack cocaine", that that Defendant possessed and specify the amount on the verdict form.

## COUNTS 4, 8, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 25, 29, 30, 31, 32

It is a Federal crime for anyone to possess a controlled substance with intent to distribute it. Cocaine base, commonly referred to as "crack cocaine," marijuana and 3,4-Methylenedioxymethcathinone, also known as "MDMC," also known as "methylone," also known as 3,4-Methylenedioxy-N-methylcathinone are controlled substances.

A Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     The Defendant knowingly possessed a controlled substance; and

(2)     The Defendant intended to distribute the controlled substance.

To "intend to distribute" is to plan to deliver possession of a controlled substance to someone else, even if nothing of value is exchanged.

## COUNTS 2, 3, 23

It is a Federal crime for anyone who has been convicted of a felony offense to possess a firearm or ammunition in or affecting interstate or foreign commerce.

A Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     The Defendant knowingly possessed a firearm or ammunition in or affecting interstate or foreign commerce; and

(2)     Before possessing the firearm, the Defendant had been convicted of a felony—a crime punishable by imprisonment for more than one year.

A "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive.  The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.

"Ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

The term "interstate or foreign commerce" includes the movement of a firearm from one state to another or between the United States and any foreign country.  It is not necessary for the Government to prove that the Defendant knew the firearm had moved from one state to another, only that the firearm did, in fact, move from one state to another.

19

## COUNTS 5, 9, 28

It is a separate Federal crime for anyone to possess a firearm in furtherance of a drug-trafficking crime.

A Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) The Defendant committed the drug trafficking crime charged in Counts 5, 9 and 28 of the indictment;

(2) The Defendant knowingly possessed a firearm; and

(3) The Defendant possessed the firearm "in furtherance of" the drug-trafficking crime.

A "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.

To "possess" a firearm is to have a firearm on one's person *or* to transport or control a firearm in a way that makes it available for immediate use while committing the drug-trafficking crime or violent crime.

Possessing a firearm "in furtherance of" a crime means that the firearm helped, promoted, or advanced the crime in some way.

## COUNT 6

Defendant Altamirano is charged in Count 6 of the indictment with committing a crime of violence, specifically, assault with a dangerous weapon, in aid of a racketeering enterprise. In order for the Defendant to be found guilty of that charge, the Government must prove each and every one of the following elements beyond a reasonable doubt:

(1) On or about the time period described, the existence of an enterprise as defined in this instruction;

(2) The charged enterprise engaged in, or its activities affected interstate or foreign commerce;

(3) The enterprise engaged in "racketeering activities";

(4) The Defendant committed the crime of violence, that is, assault with a dangerous weapon, in violation of state or federal law;

(5) Such underlying crime of violence, that is assault with a dangerous weapon, was committed for the purpose of gaining entrance to, or maintaining or increasing position in the enterprise.

You must be convinced that the Government has proved all of these elements beyond a reasonable doubt in order to find the Defendant guilty of this charge.

I will now instruct you as to the law applicable to each of these five elements.

First to prove the violation charged in Count 6, the Government must prove beyond a reasonable doubt the existence of an enterprise as alleged in the indictment. As used in these instructions, the term "enterprise" includes any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which effect, interstate or foreign commerce.

21

The term "enterprise" as used in these instructions may include a group of individuals associated in fact, even though this association is not recognized as a legal entity. Thus, an enterprise need not be a formal business entity such as a corporation, but may be merely an informal association of individuals. A group or association of people can be an "enterprise" if these individuals have "associated together for a common purpose of engaging in a course of conduct."

The Government must prove the existence of an association-in-fact enterprise by evidence of an ongoing organization, formal or informal, and by evidence that the various associates functioned as a continuing unit. The enterprise must have the three following structural features: (1) a purpose; (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit these associates to pursue the enterprises purpose.

It is not necessary that the enterprise have any particular or formal structure, but it must have sufficient organization that its members functioned and operated in a coordinated manner in order to carry out the alleged common purpose of the enterprise. Such a group need not have a hierarchal structure or a "chain of command"; decisions may be made on an ad hoc basis and by any number of methods - by majority vote, consensus, a show of strength, etc. Members of the group need not have fixed roles; different members may perform different roles at different times.  The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies.

While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, you may nonetheless find that the enterprise element is satisfied by finding a group whose associates engage in spurts of activity punctuated by periods of quiescence (inactivity).  Thus, an enterprise need not have role differentiation, a unique modus

operandi, a chain of command, professionalism and sophistication of organization, diversity and complexity of crimes, an internal discipline mechanism, or an enterprise name.

Moreover, an enterprise is not required to be "business-like" in its form or function, and it may, but need not, have an economic or profit-seeking motive. Indeed, the definition of "enterprise" is not limited to groups whose crimes are sophisticated, diverse, complex, or unique.

Although the existence of an enterprise is a distinct element that must be proven beyond a reasonable doubt, it is not necessary to find that enterprise had some function wholly unrelated to the racketeering activity. Common sense dictates that the existence of an association-in-fact enterprise is oftentimes more readily proven by what it does rather than by an abstract analysis of its structure. Thus, the evidence used to prove the pattern of racketeering and the enterprise may coalesce. The term "enterprise" includes legitimate and illegitimate enterprises. The government is not required to prove each and every allegation about the enterprise or the manner in which the enterprise operated.

As I previously stated, the government must prove beyond a reasonable doubt that the enterprise engaged in, or its activities affected, interstate or foreign commerce. Interstate commerce means trade or conducting business or travel between one state and another state or the District of Columbia. Similarly, foreign commerce means trade, business or travel between the United States and another country. Therefore, interstate and foreign commerce may include the movement of money, goods, services or persons from one state to another state or the District of Columbia or between the United States and a foreign country. This may include, among other matters, the purchase or sale of goods or supplies from outside the United States or the state in which the enterprise was located, the use of interstate or international mail or wire facilities, or the causing of any of these things.

An enterprise "is generally 'engaged in commerce' when it is itself directly engaged in the production, distribution or acquisition of goods or services in interstate commerce." If you find that the evidence is sufficient to prove that the enterprise was "engaged in" interstate or foreign commerce, the required nexus to interstate or foreign commerce was established, and therefore the government is not required to prove the alternative that the activities of the enterprise affected interstate or foreign commerce.

Regarding that alternative method of satisfying this element, to establish the requisite effect on interstate or foreign commerce, the government is not required to prove a significant or substantial effect on interstate or foreign commerce. Rather, a minimal effect on interstate or foreign commerce is sufficient.

It is not necessary for the government to prove that the racketeering activity or the violent crimes affected interstate or foreign commerce; rather, it is the enterprise and its activities considered in their entirety that must be shown to have that effect.

On the other hand, this effect on interstate and foreign commerce may be established through the effect caused by the racketeering activity. Moreover, it is not necessary for the government to prove that the Defendant knew that the enterprise would affect interstate or foreign commerce, that the Defendant intended to affect interstate or foreign commerce, or his activities affected interstate or foreign commerce.

Therefore, to satisfy this element, the Government need only prove beyond a reasonable doubt that either that the activities of the enterprise considered in their entirety had some minimal effect on interstate or foreign commerce, or that the enterprise was "engaged in" interstate or foreign commerce. If you do not so find this, then the required effect on interstate or foreign commerce is not established.

The third element that the Government must prove beyond a reasonable doubt as to Count 6 is that the enterprise was engaged in racketeering activity at the time of the violent crime charged. "Racketeering activity" includes acts and threats involving robbery and dealing in controlled substances in violation of Florida Statutes, and acts involving narcotics trafficking in violation of 21 U.S.C. §§ 841 and 846.

Significantly, the law does not require that a defendant commit or agree to commit a "pattern of racketeering activity" To prove that the enterprise "engaged in racketeering activity," there must be some nexus between the enterprise and the racketeering activity being conducted by members and/or associates of the enterprise.

It is for you to determine whether the enterprise engaged in these activities as charged. The element is satisfied by showing that the members or associates of the enterprise committed racketeering activity on behalf of or in connection with the enterprise. The indictment alleges that the enterprise, through its members and associates, engaged in racketeering activity consisting of acts and threats involving robbery and dealing in controlled substances and narcotics trafficking. The government must prove beyond a reasonable doubt that the enterprise was engaged in at least one of the crimes named above. It is for you to determine whether the enterprise engaged in the activities charged. The element is satisfied by showing that members of associates of the enterprise committed racketeering activity on behalf of or in connection with the enterprise.

The fourth element which the government must prove beyond a reasonable doubt as to Count 6 is that the defendant committed a crime of violence, that is, assault with a dangerous weapon in violation of Florida law.

To prove the crime of assault with a dangerous weapon, Government must prove the following four elements beyond a reasonable doubt. The first three elements define assault.

1. Defendant intentionally and unlawfully threatened, either by word or act, to do violence to the victims.

2. At the time, the Defendant appeared to have the ability to carry out the threat.

3. The act of the Defendant created in the mind of victims a well-founded fear that the violence was about to take place; and

4. The assault was made with a deadly weapon.

If the circumstances were such as to ordinarily induce a well-founded fear in the mind of a reasonable person, then the victim may be found to have been in fear, and actual fear on the part of the actual victim need not be shown.

A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.

The fifth element that the Government must prove beyond a reasonable doubt is that the Defendant's purpose in committing the violent crime as alleged in Count 6 was to gain entrance to or to maintain or increase position in the racketeering enterprise.

In determining whether the Defendant's purposes was to "gain entrance to," "maintain" or "increase" position in the enterprise, or aid and abet another's gaining  entrance to, maintaining, or increasing position in the enterprise, you should give those words ordinary meaning.  You should consider all of the facts and circumstances in making that determination. For example, you may consider what, if any, position the Defendant held in the enterprise, and the extent, if at all, commission of the alleged crimes served to gain entrance to, maintain, uphold or enhance his position within the enterprise.  You need only find that enhancing his status in Big

26

Money Team was a purpose of the Defendant or that he committed the charged crime as an integral aspect of membership in Big Money Team.

It is sufficient if the crime of violence was committed "as an integral aspect of membership" in the enterprise. The element is also satisfied if the crime of violence was committed to retaliate against rivals, eliminate competition, or because the Defendant knew that it was expected of him by reason of his membership in the enterprise.

You need not, however, find that gaining entrance to, maintaining, or increasing his position in the enterprise was even the Defendant's sole or principal motive. It is sufficient if you find that the Defendant did commit violent crimes because he knew it was expected of him by reason of his membership in the enterprise or that he committed it in furtherance of that membership. In deciding what the Defendant's "purpose" was in committing a particular act, you must determine what he had in mind. Since one cannot look into a person's mind, you have to determine his purpose by considering all of the facts and circumstances before you.

## COUNT 7

It is a separate Federal crime for anyone to use a firearm in relation to, carry a firearm during and in relation to or possess a firearm in furtherance of a crime of violence.

A Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) The Defendant committed the crime of violence charged in Count 7 of the indictment;

(2) The Defendant knowingly used, carried, possessed a firearm; and

(3) The Defendant used the firearm "in relation to" *or* carried the firearm "in relation to" *or* possessed the firearm "in furtherance of" the violent crime.

A "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.

To "use" a firearm means more than a mere possession and more than proximity and accessibility; it requires active employment of the weapon as by brandishing or displaying it in some fashion.

To "carry" or "possess" a firearm is to have a firearm on one's person *or* to transport or control a firearm in a way that makes it available for immediate use while committing the violent crime.

To use or carry a firearm "in relation to" a crime means that there must be a firm connection between the Defendant, the firearm, and the violent crime. The firearm must have helped with some important function or purpose of the crime, and not simply have been there accidentally or coincidentally.

28

Possessing a firearm "in furtherance of" a crime means that the firearm helped, promoted, or advanced the crime in some way.

The indictment charges that the Defendant knowingly carried a firearm during and in relation to a violent crime and possessed a firearm in furtherance of a violent crime. In other words, the Defendant is charged with violating the law in Count 7 in two separate ways. The Government has to prove only one of those ways, not both. But to find the Defendant guilty you must all agree on which of the two ways the Defendant violated the law.

## COUNTS 5, 9, 28

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.

So regarding Counts 5, 9, and 28 and Defendant Maurin Chacon, if you have first found Defendant Maurin Chacon guilty of the crime of conspiracy as charged in Count 1, you may also find Defendant Maurin Chacon guilty of any of the crimes charged in Counts 5, 9, and 28 even if you find Defendant Maurin Chacon did not personally participate in the crime.

To do so, you must find beyond a reasonable doubt:

(1) During the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2) Defendant Maurin Chacon was a knowing and willful member of the conspiracy when the crime was committed; and

(3) It was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

## O.

It is also possible to prove a Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime − not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

## P.

The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person does not have actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

## Q.

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully" the person need not be aware of the specific law or rule that his conduct may be violating.

## R.

The Defendant Jay Flores' theory of defense is that he did not willfully join in a conspiracy with the intent to distribute "crack cocaine" "MDMC" and marijuana with the other persons charged in Count 1 of the Indictment.

Proof of several conspiracies is not proof of the single, overall conspiracy charged in Count 1 of the indictment unless one of the several conspiracies proved is the single overall conspiracy.

You must decide whether the single overall conspiracy charged existed between two or more conspirators. If not, then you must find the Defendants not guilty of that charge.

But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were. And if you decide that Defendant Jay Flores was a member of some other conspiracy – not the one charged – then you must find Defendant Jay Flores not guilty.

So to find Defendant Jay Flores guilty, you must all agree that he was a member of the conspiracy charged – not a member of some other separate conspiracy.

## S.

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

## T.

Your verdicts, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdicts to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## U.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

Verdict forms have been prepared for your convenience.

Take the verdict forms with you to the jury room. When you've all agreed on the verdicts, your foreperson must fill in the forms, sign them and date them.  Then you'll return them to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.