UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

vs. CASE NO.: 14-20017-CR-WILLIAMS

CHRISTOPHER ALTAMIRANO,

Defendant.
______________________/

**MOTION FOR JUDGMENT OF ACQUITTAL**

COMES NOW the Defendant CHRISTOPHER ALTAMIRANO by and through his undersigned counsel and moves this Court pursuant to Rules 29(c) of the Federal Rules of Criminal Procedure makes and renews her motion for Judgment of Acquittal and as grounds therefore state as follows:

1. That during the trial of the above styled matter, the Defendant made a timely motion for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure at the close of the government's case in chief on the grounds that one or more of the offenses charged had insufficient evidence produced at trial (when viewed in the light most favorable to the government) to sustain a conviction for each of the two offenses charged against the Defendant.

2. At that time, this Court specifically denied the Rule 29(a) motion as to the Defendant.

3. That at the close of the entire case, the Defendant once again renewed the Rule 29 motion. The Court continued its position and denied the motion as to this Defendant.

4. That on Monday, March 9, 2015 this Defendant was convicted by a jury of Counts I, 6-7, 14-16, 29 and 31-32 of the second superseding indictment. (DE #199) The jury found the defendant CHRISTOPHER ALTAMIRANO guilty of one count of conspiracy to possess with the intent to distribute in excess of 280 grams of crack cocaine (Count 1) in violation of 21 U.S.C. §846, violent crime in aid of racketeering (Count 6) in violation of 18 U.S.C. §1959(a)(3), using and carrying a firearm in relation to a crime of violence (Count 7) in violation of 18 U.S.C. §924(c) and six substantive counts of possession with the intent to distribute (Counts 14-16, 29 and 31-32) in violation of 21 U.S.C. §841(a)(1) (DE #906)

5. That pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, the Defendant is permitted to renew his motion for judgment of acquittal within fourteen (14) days of an adverse verdict. This court permitted all post trial motions to be filed on or before Monday, April 13, 2015.

6. That the evidence presented by the government during the trial of CHRISTOPHER ALTAMIRANO was such that it was insufficient to sustain the convictions when the evidence is viewed in the light most favorable to the government.

7. That the evidence elicited at trial was such that a reasonable trier of fact could not find that the evidence established guilt beyond a reasonable doubt as to CHRISTOPHER ALTAMIRANO.

***<u>MEMORANDUM OF LAW</u>***

Whether the record contains sufficient evidence to support a guilty verdict, the evidence is viewed in the light most favorable to the government, with all reasonable

inferences and credibility choices made in the government's favor. *Glasser vs. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469 (1942), *United States vs. Waymer*, 55 F.3d 564, 570 (11th Cir. 1995), *United States vs. Harris*, 20 F.3d 445, 452 (11th Cir. 1994)

The verdict must stand if there is substantial evidence to support it that is "unless no trier of fact could have found guilt beyond a reasonable doubt." *United States vs. Battle*, 892 F.2d 992, 998 (11th Cir. 1990)

In deciding a post trial rule 29 motion for judgment of acquittal a district court must determine whether, viewing all the evidence in the light most favorable to the government, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. See *United States vs. Carter*, 760 F.2d 1568, 1582 (11th Cir. 1985) *United States vs. Payne*, 750 F.2d 844, 855-6 (11th Cir. 1985) *United States vs. Gutierrez*, 931 F.2d 1482, 1488 (11th Cir. 1991); *United States vs. Van Hemelryck*, 945 F.2d 1493, 1499 (11th Cir. 1991); and *United States vs. Grigsby*, 111 F.3d 806 (11th Cir. 1997)

If, however, the record reveals a lack of substantial evidence from which a fact finder could find guilt beyond a reasonable doubt, the Defendant's conviction must be reversed. *United States vs. Kelly*, 888 F.2d 732, 740 (11th Cir. 1990)

It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt . . . (as a) jury is free to choose among reasonable constructions of the evidence. *United States vs. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982)(en banc) aff'd on other grounds 462 U.S. 356, 103 S.Ct. 2398 (11th Cir. 1990).

A conviction should be reversed on the grounds of insufficient evidence only

if no reasonable trier of fact could find proof beyond a reasonable doubt. *United States vs. Thomas*, 8 F.3d 1552, 1556 (11th Cir. 1993), *United States vs. Ramsdale*, 61 F.3d 825, 828 (11th Cir. 1995).

This Circuit has clearly held that "where the government's case is circumstantial, as it is here, reasonable inferences, not mere speculation, must support the (a) verdict." *United States vs. Perez-Tosta*, 36 F.3d 1152, 1557 (11th Cir. 1994).

When all reasonable inferences are drawn, the government's case must crumble under the aforementioned standard.

***Count 1***

21 U.S.C. Section 846 provides that: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. §846. To sustain Altamirano's conviction under 21 U.S.C. § 846, the government must have offered sufficient evidence to prove beyond a reasonable doubt that: (1) an illegal agreement existed to possess with intent to distribute a controlled substance; (2) Altamirano knew of the agreement; and (3) Altamirano knowingly and voluntarily joined the agreement. *See United States v. Charles*, 313 F.3d 1278, 1284 (11th Cir.2002). Although the government was not required to prove that Altamirano knew every detail or participated in every stage of the conspiracy, it must have established that he "knew the essential nature of the conspiracy." *Id.* "[M]ere presence is inadequate to establish guilt, . . . [but] it is material, highly probative, and not to be discounted." *United States v. Gamboa*, 166 F.3d 1327, 1332 (11th Cir.1999) (internal quotations omitted). The government is not

required to prove an overt act in furtherance of a 21 U.S.C. § 846 conspiracy. *United States v. Baker*, 432 F.3d 1189, 1200 n. 3 (11th Cir.2005).

What distinguishes a conspiracy from its substantive predicate offense is not just the presence of any agreement, but an agreement with the same joint criminal objective – here as alleged the joint objective to distribute drugs. *United States vs. Dekle*, 165 F.3d 826, 829 (11th Cir. 1999)

Mere association with individuals involved with drugs is insufficient to prove that a conspiracy to distribute drugs exists. *United States vs. Hardy*, 895 F.2d 1331, 1334-35 (11th Cir. 1990) Additionally, although presence is a permissible factor to be considered in determining whether a defendant conspired with another, "it is well settled that mere presence will not support a conviction." *United States vs. Charles*, 313 F.3d 1278, 1284 (11th Cir. 2002) "Mere presence, guilty knowledge, even sympathetic observation" and close association with a coconspirator are insufficient, without more, to support a conviction for conspiracy to distribute drugs. *United States vs. Lyons*, 53 F.3d 1198, 1201 (11th Cir. 1995)

The conspiracy as alleged in the indictment and in the government's case in chief was that the defendants were selling for an organization known at the "Big Money Team" or "BMT." The defendant was captured on video tape simply selling for his own account but not for any type of conspiracy. There was no agreement between the participants in BMT to have a criminal objective that was shared. The streets of the Little Havana area were not full of conspirators but of independent contractors working for themselves.

During the trial it was highlighted during the cross examination of cooperating

defendants that there was no initiation ceremony or dues that were paid to be a member of BMT. In addition, a "member" of BMT was not required to pay a portion of their earning from the sale of drugs as a form of tribute to the leader(s) of BMT. In fact, during the trial it was readily apparent that they was no hierarchal structure to BMT.

As the jury was instructed - "(b)ut simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator."

Such was the case here, and the court should grant the Rule 29 motion as to Count 1.

***Count 6***

In Count 6 the defendant was convicted by the jury of a violent crime in aid of racketeering or VICAR.

To establish a VICAR conviction, the Government had to prove that: (1) BMT was an enterprise within the meaning of RICO (2) BMT engaged in racketeering activity, (3) the defendant was a member of BMT, (4) the defendant committed the predicate violent crime, and (5) "his general purpose in doing so was to maintain or increase his position in [BMT]." See *United States v. Kamahele*, 748 F.3d 984, 1007 (10th Cir. 2014)

In order to sustain the aforementioned conviction, each of the five elements had to be proven beyond a reasonable doubt. It remains the defendant's position that

when the evidence is considered in the light most favorable to the government, that they failed on multiple grounds.

1 - *BMT is not an enterprise within the meaning of RICO*.

The term "enterprise" "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. 1961(4) An association-in-fact requires: (1) a purpose, (2) relationships among those associated with the enterprise, and (3) longevity sufficient to permit those associated with the enterprise to pursue the enterprise's purpose. See *Boyle v. United States*, 556 U.S. 938, 946, 129 S.Ct. 2237 (2009).

An enterprise may exist even without a formal hierarchy, chain of command, fixed roles, a name, established rules, initiation ceremonies, or regular meetings. Id. at 948, 129 S.Ct. 2237. To qualify as an enterprise under RICO, the association need only be a "continuing unit that functions with a common purpose." Id.; see *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981) (concluding that an association-in-fact enterprise constitutes a "group of persons associated together for a common purpose of engaging in a course of conduct"). *United States v. Kamahele*, 748 F.3d 984, 1003 (10th Cir. 2014)

*2 - Altamirano was a member of BMT -*

While there was evidence that the defendant was selling crack cocaine, there was no evidence that he was member of BMT. He was not alleged to have undergone any type of initiation not was he ever seen wearing gang color or any type of gang uniform. Unlike many of the members of BMT, Altamirano had absolutely no

presence on social media. Altamirano did not have either a FaceBook or Instagram account. While he appeared relatively few photos posted on social media, he did not display the BMT hand sign. He possessed no gang related tattoos. Therefore his "membership" was suspect at best.

3 - *Altamirano's general purpose in doing so was to maintain or increase his position in BMT*

It has been held that VICAR does not extend "to any violent behavior by a gang member under the presumption that such individuals are always motivated, at least in part, by their desire to maintain their status within the gang[.]" *United States v. Banks*, 514 F.3d 959, 968 (9th Cir.2008). Otherwise, in gang cases, the purpose element would be nearly a tautology. Nor is it enough if the defendant's gang-related purpose was "merely incidental" to his action. *Id.* at 969. But neither is the government required to prove the defendant acted "solely" or "primarily" for a gang-related purpose. Instead, VICAR's "purpose" element is met if the jury could find that an "animating purpose" of the defendant's action was to maintain or increase his position in the racketeering enterprise. *United States v. Hackett*, 762 F.3d 493, 500 (6th Cir. 2014) cert. denied, 135 S. Ct. 1518 (2015) Cf. *United States v. Faulkenberry*, 614 F.3d 573, 586 (6th Cir.2010).

The statute does not define "for the purpose of . . . maintaining or increasing position in an enterprise." To interpret this language, the court in *United States v. Concepcion*, 983 F.2d 369 (2nd Cir.1992), relied upon legislative history indicating that Congress intended to criminalize violent acts committed "as an integral aspect of membership " in a racketeering enterprise. Id. at 381 1330 (emphasis added) (quoting

S. REP. NO. 225, at 304 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, at 3483).

Other courts have construed the VICAR statute the same way. See, e.g., *United States v. Tse*, 135 F.3d 200, 206 (1st Cir.1998); *United States v. Fiel*, 35 F.3d 997, 1004 (4th Cir.1994). Therefore, "[t]he motive element" of each VICAR charge "is satisfied if the jury could properly infer that [Altamirano] committed [aggravated assault] because he knew it was expected of him by reason of his membership in [Big Money Team] or that he committed [aggravated assault] in furtherance of that membership." *United States v. Robertson*, 736 F.3d 1317, 1329-30 (11th Cir. 2013); *United States v. Whitten*, 610 F.3d 168, 178–79 (2nd Cir.2010)

The purpose of committing robberies was not very complicated according to the evidence. It was not for gang activity or to increase their position or standing within the gang. The motive was simply because they were broke. The testimony of Nadim Guzman was that people were robbed because people were broke. Therefore it was basic economics as opposed to increasing one's position in BMT.

In *Robertson*"members of the Tampa Blood and Honour expected its members to demonstrate loyalty by engaging in violent acts. No such expectations existed within BMT. Members were not expected to engage in such acts not were any of their "spoils" of the violent acts shared amongst members.

***Count 7***

In Count 7 the defendant was convicted of using or carrying a firearm during and in relation to a crime of violence.

18 U.S.C. 924(c)(1)(A) provides in part:

> any person who, during and in relation to any crime of violence or drug trafficking crime ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime ... be sentenced to a term of imprisonment of [a minimum of 5 years].

18 U.S.C. § 924(c)(1)(A)(i) (emphasis added). Accordingly, to prove the firearms charge, the government must show that the defendant (1) knowingly used or carried a firearm during and in relation to any drug trafficking crime for which he could be prosecuted in a court of the United States, or (2) possessed a firearm in furtherance of such a crime. *United States v. Woodard*, 531 F.3d 1352, 1362 (11th Cir.2008); *United States v. Haile*, 685 F.3d 1211, 1217 (11th Cir.2012),(stating that "the enhanced penalties [under the statute] are triggered in one of two ways: under the 'during and in relation to ... uses or carries' prong, or under the 'in furtherance of ... possesses' prong.)" *United States v. Mack*, 572 F. App'x 910, 921 (11th Cir. 2014)

In *United States vs. Timmons*, 283 F.3d 1246 (11th Cir. 2002) this court extensively analyzed what is necessary to convict a defendant pursuant to 18 U.S.C. §924(c). To sustain this conviction, the government must have sufficient evidence on both the "uses or carries" prong and the "during and in relation to a "crime of

violence"

The facts and circumstances of this count (and obviously Count 6) flow from the events just short of midnight of November 20, 2013. Once again, the victims of the robbery and aggravated assault all testified that they were unable to make an identification at the show up that was conducted of the defendant that night and they were unable to make an in-court identification of the defendant. Only through the officer that conducted the show up were purported identifications admitted over objection.

The officers on the scene, who had information that the weapon had been discharged purportedly by the defendant were neither able to recover the weapon nor did they test the defendant for any gun shot residue on his person or clothing. The cumulative effect of the startling lack of evidence should give this court pause and override the jury's verdict as to Count 7.

**Counts 14-16, 29 and 31-32**

A conviction under 21 U.S.C. § 841(a)(1) requires the government to establish that the defendant "(1) knowingly (2) possessed [a controlled substance] (3) with intent to distribute it." *United States v. Faust*, 456 F.3d 1342, 1345 (11th Cir.2006) (internal quotation omitted), *cert. denied*, 549 U.S. 1046, 127 S.Ct. 615, 166 L.Ed.2d 456 (2006). "The government may prove constructive possession if it shows a defendant maintained dominion or control over the drugs or over the premises where the drugs are located." Id. (internal quotation omitted). To do so, the government may rely on direct or circumstantial evidence and inferences drawn from the circumstances. Id. at 1345-46. The evidence need not exclude "every reasonable hypothesis of

innocence or be wholly inconsistent with every conclusion except guilt." Id. at 1345 (internal quotation omitted). United States v. Pedron, 284 F. App'x 598, 601 (11th Cir. 2008)

A conviction under 21 U.S.C. §841(a)(1) requires either direct or circumstantial evidence of a defendant's knowledge and intent. *United States v. Garcia*, 405 F.3d 1260, 1270 (11th Cir.2005). To support a conviction under 18 U.S.C. § 2, the government must show that the defendant "associated himself with the criminal venture and sought to make the venture a success." *United States v. Gonzalez*, 562 F. App'x 898, 899 (11th Cir. 2014); *United States v. Farris*, 77 F.3d 391, 395 (11th Cir.1996)

Defense counsel is ever mindful of the video and audio taped conversations and evidence as to these substantive counts. The defendant would simply renew his Rule 29 motion previously made as to these counts.

WHEREFORE the Defendant CHRISTOPHER ALTAMIRANO respectfully requests that this court enter an order pursuant to Rule 29 overturning the jury verdict and finding him not guilty as to all counts.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 13th day of April 2015.

Respectfully submitted,

LAW OFFICES OF PHILIP R.HOROWITZ
Attorney for Defendant ALTAMIRANO
Suite #1910 - Two Datran Center
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel.: (305) 670-1915
Fax. : (305) 670-1901
E-Mail: *HorowitzDefense@aol.com*

___***/s/ Philip R. Horowitz***
By: ~~PHILIP R. HOROW~~ITZ, ESQUIRE
Florida Bar No.: 466557