**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14-20017-CR-WILLIAMS(s)(s)**

**UNITED STATES OF AMERICA**

**v.**

**CHRISTOPHER ALTAMIRANO,**

**Defendant.**
**________________________________________/**

**GOVERNMENT'S SUPPLEMENTAL BRIEFING ADDRESSING VICAR MOTIVE**

The United States, by and through the undersigned Assistant United States Attorney, files this Supplemental Briefing Addressing Defendant Christopher Altamirano's Reliance on *United States v. Norwood* to address satisfaction of the motive element for Title 18, U.S.C. 1959.

**ARGUMENT**

The *Norwood* opinion recounts a principle in Violent Crime in aid Racketeering Activity jurisprudence ("VICAR") that acts of violence committed by a criminal enterprise member, but dissociated with their criminal enterprise fall outside the reach of Title 18, U.S.C. Section 1959. *United States v. Norwood*, 2015 WL 2250493, *9 (E.D. Mich. May 13, 2015). The *Norwood* Court, quoting *United States v. Banks*, provides examples of the type conduct which would fall outside the reach of a VICAR prosecution such as: "'traffic altercation[s] or act[s] of domestic violence'". *Id*. quoting *United States v. Banks*, 514 F.3d 959, 968-970 (9th Cir. 2008). The *Norwood* Court also acknowledged that Congress intended the VICAR statute to be liberally construed. *Id*. at 8. Against this backdrop, Count 6 of the indictment plainly satisfies the VICAR motive element.[1]

---

1 *United States v. Heilman*, 377 Fed. Appx. 157, 205 (3rd Cir. 2010) (Courts have found various

Far from a random traffic infraction or domestic violence episode, the November 20, 2013 robbery was conducted by three enterprise members, was staged from an enterprise stronghold and provided enterprise members an opportunity to show one another their violent *bona fides*. Further, robbery proceeds were divided between enterprise members as evidenced by jailhouse communication and the recovery of victim property for the robbery staging site. In light of the trial evidence that the commission of violence was a principal means by which status was measured in the enterprise, that the commission of robberies was a core aspect of how the enterprise fueled its narcotics activities and that enterprise members were expected to aid one another in illicit acts, *Norwood* supports a finding that it was within the jury's province to conclude the motive element was satisfied. For example, the *Norwood* Court noted that the nearby location of fellow gang members during the defendant's commission of violence provided a reasonable basis for a juror to conclude an animating purpose was to enhance reputation for violence. *Norwood*, 2015 WL 2250493, *11. Further, *Norwood* also explained that the expectation that enterprise members would commit crimes related to their association also supported satisfaction of the VICAR motive element. *Id* at 14 ("a reasonable jury could find beyond a reasonable doubt that the Walker brothers committed this murder because they knew it was expected of them by virtue of their membership in the enterprise and/or in furtherance of that membership."). Similarly, because Altamirano committed the violent crime with members of the enterprise, returned to the enterprise's haunt to address the crime's commission and operated in an

---

types of evidence sufficient to meet the Government's motive element burden such as: "testimony that violence is a common part of the culture, members are expected to retaliate, and members are pressured to live up to nicknames . . . members are expected to violently respond to disrespect and to live up to their role within the organization . . . that members acted to enhance their reputation generally or in the eyes of a specific faction or individual, about the violent nature of the organization, customs and expectations of members, and acknowledging the importance of maintaining status.").

association where aid in violence was expected, the *Norwood* reasoning militates a finding that the jury could have reasonably concluded that the VICAR motive was sufficiently proven.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's motion for judgment of acquittal.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: /s/ Ignacio J. Vázquez, Jr.
Ignacio J. Vázquez, Jr.
Assistant United States Attorney
Florida Bar No. 16275
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9318
Fax: (305) 530-7976

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was uploaded onto the Court's CM/ECF system and sent via CM/ECF to all counsel of record on July 1, 2015.

/s/ Ignacio J. Vázquez, Jr.
Ignacio J. Vázquez, Jr.
Assistant United States Attorney