UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

vs. CASE NO.: 14-20017-CR-WILLIAMS

CHRISTOPHER ALTAMIRANO,

Defendant.
_____________________________/

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S BRIEFING ADDRESSING VICAR MOTIVE**

COMES NOW the Defendant CHRISTOPHER ALTAMIRANO by and through his undersigned counsel and for his response to the Government's briefing states as follows:

Simply put, the government suggests to this court that it should ignore the motive requirement of VICAR. The case cited by the defense, *United States v. Norwood*, 2015 WL 2250493 (E. D. Mich. May 13, 2015) at page 9, cautions that the acts must be more than mere incidental. "It must be within (the defendant's) general purpose, or, in the alternative, the violence committed must be in some way integral to the defendant's membership in the enterprise[1]." In addition, the court went on to note that the Sixth Circuit has described this standard as requiring that maintaining or increasing the defendant's position in the racketeering enterprise to be an "animating purpose" being the violent act. See *United States v. Hackett*, 762 F.3d 493, 500 (6th Cir. 2014)

[1]Citing to *United States v. Banks*, 514 F.3d 959, 969 (9th Cir. 2008)

The government in their supplemental briefing sidesteps the cautionary warnings of the application of VICAR and the analysis that this court should employ.

> "(i) at least one of the purported purposes with respect to each VICAR count was to maintain or increase the Defendant's position in the enterprise, i.e, because it was expected of him by reason of his membership in the enterprise, or that he committed it in furtherance of his membership; and (ii) this purpose was the Defendant's "general" or "animating" purpose in committing the act, or that the act was integral to his membership in the enterprise"

*United States v. Norwood*, supra at 9.

In applying this analysis this court should also look to the utter lack of substantive evidence put forward by the government both during the trial and in their supplemental pleading to substantiate their position. During their investigation of this case the government secured the jail calls made by the defendant after his arrest on state charges related to the November 20, 2013 robbery. These jail calls encompassed hours and days after the incident. None of the jails calls introduced at trial that were attributed to Altamirano discussed division of proceeds or that his motive in committing the robbery comported with the requirements of VICAR.

The government had not cited to any of those calls to support their position that the robbery was committed as an integral aspect of his membership in BMT or expected of him by virtue of his membership in BMT. Therefore the required motive under VICAR has not been established and therefore this court should grant the motions for judgment of acquittal as to Counts 6 and 7[2] of the indictment.

---

[2]The position of government at the June 30, 2015 hearing was that Counts 6 and 7 are interrelated. Therefore, an acquittal as to Count 6 should require an acquittal as to Count 7. The defense agrees with this position.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 2nd day of July 2015.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant ALTAMIRANO
Suite #1910 - Two Datran Center
9130 South Dadeland Boulevard
Miami, Florida 33156
Tel.: (305) 670-1915
Fax.: (305) 670-1901
E-Mail: *HorowitzDefense@aol.com*

***/s/ Philip R. Horowitz, Esquire***
By: PHILIP R. HOROWITZ, ESQ.
Florida Bar No.: 466557